Michele J. Beilke (SBN 194098)
mbeilke@reedsmith.com
Julia Y. Trankiem (SBN 228666)
jtrankiem@reedsmith.com
Rafael N. Tumanyan (SBN 295402)
rtumanyan@reedsmith.com
REED SMITH LLP
355 South Grand Avenue
Suite 2900
Solano, CA  90071-1514
Telephone: +1 213 457 8000
Facsimile: +1 213 457 8080

*Attorneys for Defendant*
ABBOTT LABORATORIES

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERICA SULLIVAN, as an individual and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SOFTPATH SYSTEM, LLC, A Georgia Limited Liability Company; ABBOTT LABORATORIES, An Illinois Corporation; and DOES 1-50, inclusive,<br><br>Defendants. | Case No.<br><br>[Solona County Superior Court Case No. FCS049482]<br><br>**DEFENDANT ABBOTT LABORATORIES' PETITION AND NOTICE OF REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C. § 1332(d) (CLASS ACTION FAIRNESS ACT)**<br><br>[Filed Concurrently with Civil Cover Sheet; Declarations of Mechelle Beiser and Angela Griffin; and Corporate Disclosure Statement]<br><br>Complaint Filed:  August 25, 2017 |

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA AND TO ALL PARTIES HEREIN AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Abbott Laboratories ("Abbott") hereby removes this action from the Superior Court of the State of California for the County of Solano to the United States District Court for the Eastern District of California. Abbott removes this action on the following grounds:

## STATEMENT OF JURISDICTION AND VENUE

1. This is a civil action over which this Court has original subject matter jurisdiction under 28 U.S.C. § 1332, and removal is proper under 28 U.S.C. §§ 1441 and 1446, because it is a civil action that satisfies the requirements stated in the Class Action Fairness Act of 2005 ("CAFA"), codified in part at 28 U.S.C. § 1332(d).

2. This Court is in the judicial district (Eastern District of California, sitting in Sacramento) embracing the place where the state court case was brought and is pending (Solano County). Thus, this Court is the proper district court to which this case should be removed. 28 U.S.C. §§ 84(b), 1441(a).

## PLEADINGS, PROCESS AND ORDERS

3. On August 25, 2017, Plaintiff Erica Sullivan ("Plaintiff") filed a Complaint in the Superior Court of the State of California, County of Solano, entitled *Erica Sullivan, as an individual and on behalf of all others similarly situated, vs. Softpath System, LLC, a Georgia limited liability company; Abbott Laboratories, an Illinois corporation; and DOES 1-50, inclusive,* case number FCS049482 (hereinafter, the "Complaint" in the "State Court Action"). A true and correct copy of the Complaint is attached hereto as Exhibit A.

4. On September 7, 2017, Plaintiff filed a First Amended Complaint ("FAC") in the Superior Court of the State of California, County of Solano, entitled *Erica Sullivan, as an individual and on behalf of all others similarly situated, vs. Softpath System, LLC, a Georgia limited liability company; Abbott Laboratories, an Illinois corporation; and*

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

*DOES 1-50, inclusive,* case number FCS049482 (hereinafter, the "FAC" in the "State Court Action").

5. The FAC is a purported class action alleging the following causes of action: (1) failure to pay minimum wages (Lab. Code §§ 1197, 1194, and 1194.2); (2) failure to pay overtime (Lab. Code § 510); (3) failure to provide all mandated meal periods or additional wages in lieu thereof; (4) failure to provide all mandated rest periods or additional wages in lieu thereof; (5) failure to issue accurate wage statements (Lab. Code § 226); (6) failure to timely pay wages due at termination (Lab. Code §§ 201, 202, and 203); (7) unfair competition (Bus. & Prof. Code § 17200); and (8) failure to reimburse business-related expenses (Lab. Code § 2802).

6. On October 18, 2017, Abbott was served with a copy of the Summons and FAC. Exhibit A constitutes all process, pleadings, and orders served on Abbott in the State Court Action.

7. On October 18, 2017, Softpath System, LLC ("Softpath") was served with a copy of the Summons and Complaint. Softpath has consented to join in the removal of this action filed by Abbott. Exhibit B constitutes all process, pleadings, and orders served on Softpath in the State Court Action.

8. Abbott filed its Answer in the State Court Action on November 14, 2017. A true and correct copy of Abbott's Answer is attached as Exhibit C.

9. There have been no hearings or other proceedings in the State Court Action, and Abbott has not received or filed any papers or pleadings in the State Court Action other than those attached hereto as Exhibits A-C.

10. Defendants Does 1-50 are presently unnamed and unknown and, therefore, have not been served with the Complaint. FAC ¶ 4.

## TIMELINESS OF REMOVAL

11. Pursuant to 28 U.S.C. 1446(b), this removal is timely because Abbott filed this removal within 30 days of its receipt of a copy of the Summons and Complaint in the State Court Action.

## JURISDICTION PURSUANT TO THE CLASS ACTION FAIRNESS ACT

12. Section 4 of CAFA sets forth the general rule that "[t]he district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which . . . any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2).

13. Section 4 of CAFA further states that the jurisdictional rule set forth in 28 U.S.C. § 1332(d)(2) applies only to class actions in which the number of members of all proposed plaintiff classes, in the aggregate, is 100 or more. 28 U.S.C. § 1332(d)(5).

14. This Court has jurisdiction over this action pursuant to CAFA, 28 U.S.C. § 1332(d), and this action may be removed by Abbott pursuant to the provisions of 28 U.S.C. § 1441(a), because the proposed plaintiff class contains at least 100 members, there is diversity between at least one proposed class member and one defendant, and the total amount in controversy exceeds $5,000,000.

### The Proposed Plaintiff Class Contains At Least 100 Members

15. Plaintiff purports to bring this action on behalf of himself and all others similarly situated as a class action pursuant to California Code of Civil Procedure § 382, a state statute authorizing an action to be brought by one or more representative persons as a class action. FAC ¶ 8. Specifically, Plaintiff seeks to represent two classes:

> Class 1: "All current and former non-exempt employees of DEFENDANT who performed work for DEFENDANT in California at any time within four (4) years preceding the filing of this action." FAC ¶ 8.

> Class 2: "All current and former employees of DEFENDANT who performed work for DEFENDANT in California." FAC ¶ 8.

As Subclass A to Class 2 ("Wage Statement Sub-Class"), Plaintiff seeks to represent "[a]ll current and former employees of DEFENDANT who performed work for DEFENDANT in California and who was entitled to received [sic] a wage statement subject to the

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

requirements of Labor Code section 226(a) at any time within one (1) year preceding the filing of this action."

16. There are 8,121 individuals in Class 2, Subclass A, as defined by Plaintiff, alone. *See* Declaration of Angela Griffin ("Griffin Decl.") ¶ 3. Therefore, the proposed plaintiff class contains well in excess of 100 members.

## Diversity Of Citizenship Exists Between
## At Least One Proposed Class Member And One Defendant

17. **Plaintiff's Citizenship.** The putative class members include citizens of the State of California. Plaintiff is now, and was at the time this action was commenced, a citizen of the State of California within the meaning of 28 U.S.C. § 1332, because her domicile is now, and was at the time the State Court Action was commenced, within the State of California. FAC ¶ 1 (Plaintiff, "at all times relevant herein, was residing in Solano County, California"). For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled. *Kantor v. Wellesley Galleries, Ltd.,* 704 F.2d 1088, 1090 (9th Cir. 1983). A person's domicile is the place where he or she resides with the intention to remain or to which he or she intends to return. *Kanter v. Warner-Lambert Co.,* 265 F.3d 853, 857 (9th Cir. 2001). Accordingly, Plaintiff is a citizen of the State of California.

18. **Citizenship of Other Class Members.** Plaintiff seeks to represent the putative class members. By definition, the putative class includes individuals who, like Plaintiff, are California citizens.

19. **Defendants' Citizenship.** Pursuant to 28 U.S.C. § 1332(c)(1), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."

20. A corporation's principal place of business is determined under the "nerve center" test. *See Hertz Corp. v. Friend,* 559 U.S. 77, 92-93 (2010). Under this test, the principal place of business is the state where "a corporation's officers direct, control, and coordinate the corporation's activities." *Id.* A corporation's nerve center is a "single place" and "should normally be the place where the corporation maintains its

headquarters." *Id.* at 93.  Relevant factors include where executives reside and maintain offices, where administrative and financial offices are located, where the board of directors meets, and where day-to-day control over the company is executed.  *See, e.g., Tomblin v. XLNT Veterinary Care, Inc.,* No. 09cv1940 BTM (JMA), 2010 WL 2757311, at *4 (S.D. Cal. July 12, 2010).

21. Abbott is now, and was at the time this action was commenced, a citizen of the state of Illinois within the meaning of 28 U.S.C. § 1332.

22. Abbott is a corporation organized and existing under the laws of the state of Illinois.  Declaration of Mechelle Beiser ("Beiser Decl.") ¶ 4.

23. Pursuant to the *Hertz* nerve center test, Abbott has its principal place of business in Abbott Park, Illinois.  Specifically, its corporate headquarters are located in Abbott Park, Illinois.  Beiser Decl. ¶ 4.  As such, Abbott Laboratories' officers and high-level management team – including its Chief Executive Officer, Chief Financial Officer, and the Vice President of Human Resources – are based in Abbott Park, Illinois.  *Id.*

24. Softpath is now, and was at the time this action was commenced, a citizen of the state of Georgia within the meaning of 28 U.S.C. § 1332.  Softpath is a limited liability company organized and existing under the laws of the state of Georgia.  FAC ¶ 2.  Softpath's principal place of business is in the state of Georgia.  Softpath has consented to the removal of this action to federal court.

25. The First Amended Complaint names DOES 1 through 50 as defendants in this action.  However, citizenship of "Doe" defendants is disregarded for purposes of removal.  28 U.S.C. § 1441(b)(1).

26. The minimal diversity requirement of 28 U.S.C. § 1332(d) is met in this action because the citizenship of at least one class member is diverse from the citizenship of at least one defendant.  28 U.S.C. 1332(d)(2)(A).

### The Alleged Amount in Controversy Exceeds $5,000,000

27. Under CAFA, the articulated claims of all class members are aggregated to determine if the amount in controversy exceeds $5,000,000.  28 U.S.C. § 1332(d)(6).

Significantly, Congress intended federal jurisdiction to exist under CAFA "if the value of the matter in litigation exceeds $5,000,000 either from the viewpoint of the plaintiff or the viewpoint of the defendant, and regardless of the type of relief sought (*e.g.*, damages, injunctive relief, or declaratory relief)." Staff of S. Comm. on the Judiciary, 109th Cong., Rep. on The Class Action Fairness Act of 2005 42 (Comm. Print 2005). The Senate Judiciary Committee's Report on the final version of CAFA also makes clear that any doubts regarding the maintenance of interstate class actions in state or federal court should be resolved in favor of federal jurisdiction. ("Overall, new section 1332(d) is intended to expand substantially federal court jurisdiction over class actions. Its provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant.") *Id.* at 43.

28. The United States Supreme Court has held that "a defendant's notice of removal need include only a ***plausible allegation*** that the amount in controversy exceeds the jurisdictional threshold. Evidence establishing the amount is required by 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation." *Dart Cherokee Basin Operating Co. v. Owens* (2014) 574 U.S. ___, 135 S.Ct. 547, 553 (emphasis added). Removal is appropriate when it is more likely than not that the amount is controversy exceeds the jurisdictional requirement, which in this case is $5,000,000 in the aggregate. *See, e.g., Cohn v. PetsMart, Inc.,* 281 F.3d 837, 839-40 (9th Cir. 2002). Although it is not required to do so, Abbott has established that the amount in controversy by referencing Plaintiff's allegations and/or by setting forth information in the notice of removal that demonstrate that the amount in controversy is more likely than not to exceed the jurisdictional minimum.[1]

---

[1] When determining the amount that a plaintiff has placed in controversy, a court must "assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002) (internal citations omitted). The District Court may consider the allegations of the Complaint, the contents of the removal petition and evidence, such as declarations, in order to determine whether the jurisdictional amount is in controversy. *See Singer v. State Farm Mutual Auto. Ins. Co,* 116 F.3d 373, 377 (9th Cir. 1997). Accordingly, nothing contained herein shall be

– 6 –

29.     This action involves Plaintiff's alleged claims against Abbott and Softpath for: (1) failure to pay minimum wages ; (2) failure to pay overtime; (3) failure to provide all mandated meal periods or additional wages in lieu thereof; (4) failure to provide all mandated rest periods or additional wages in lieu thereof; (5) failure to issue accurate wage statements ; (6) failure to timely pay wages due at termination; (7) unfair competition; and (8) failure to reimburse business-related expenses.   Plaintiff's prayer for relief seeks an award for damages, including all wages due and owing, liquidated damages, statutory penalties, restitution, injunctive relief, interest, costs of suit, reasonable attorneys' fees, and other relief.  FAC Prayer for Relief.

30.     Abbott denies Plaintiff's allegations of misconduct and intends to defend itself vigorously against Plaintiff's causes of action.  Nevertheless, without admitting that Plaintiff and/or the putative class can recover any damages and for purposes of this Notice only, when one considers the number of alleged putative class members, and the number of alleged violations of California law, and the liability period covered by the State Court Action, the aggregate amount in controversy presented by this case easily exceeds $5,000,000, exclusive of interest and costs, for purposes of removal based on the following

31.     The amount in controversy element is easily met here.  Indeed, though Plaintiff has alleged eight causes of action for damages, Abbott need only reference one of these causes of action herein to establish the amount in controversy – namely, Plaintiff's fifth cause of action for failure to issue accurate itemized wage statements.[2]  Plaintiff alleges that Abbott failed to provide wage statements showing "total hours worked, net wages and gross wages earned, address of the employer, deductions, and all applicable hourly rates and the corresponding number of hours worked at each hourly rate for each pay period for PLAINTIFF and each of the Class Members." FAC ¶ 49.  As a result,

---

construed as an admission by Abbott as to the scope of the putative class, liability or damages.

[2] Abbott bases its amount in controversy calculation here on Plaintiff's fifth cause of actin alone for the sake of simplicity.  Abbott reserves the right to include in its amount in controversy calculation the relief sought by Plaintiff with respect to her other causes of action.

– 7 –

Plaintiff seeks penalties pursuant to Labor Code Section 226. FAC ¶ 51. Plaintiff alleges this claim on behalf of all Abbott employees in California for the period between August 25, 2016 and the present. FAC ¶ 8 (Class 2, Subclass A). Plaintiff's allegation that each wage statement issued during this period was noncompliant because it did not accurately list the address of the employer applies equally to exempt and non-exempt employees; this alleged violation is not derivative of the other wage and hour allegations in the FAC. Abbott issued at least 246,621 wage statements to its employees in California between September 1, 2016 and November 9, 2017 over the course of 62 pay periods. Griffin Decl. ¶ 3. Labor Code Section 226(e) sets forth a penalty of at least $50 for each improper wage statement that an employer issues.[3]   Accordingly, the amount in controversy for the wage statement claim alone is at least $12,331,050 (246,621 wage statements x $50 penalty).

32.   Although Abbott disagrees that Plaintiff can adequately represent the alleged class and denies the merits of the claims, based on the claims alleged in the FAC as detailed above, the total amount in controversy is at least **$12,331,050**. In conclusion, the amount in controversy requirement is easily met without even considering Plaintiff's other claims for damages, penalties, restitution, injunctive relief and attorneys' fees. *See Guglielmino v. McKee Foods Corp.,* 506 F.3d 696, 700-01 (9th Cir. 2007) (remand denied under preponderance of the evidence standard where defendant's conservative estimates exceeded the requisite amount).

## NOTICE TO PLAINTIFF

33.   In accordance with 28 U.S.C. § 1446(d), the undersigned counsel certifies that a copy of this Notice of Removal and all supporting papers will be promptly served on Plaintiff's counsel and filed with the Clerk of the Solano County Superior Court.

---

[3] Labor Code Section 226(e) sets forth a $4,000 cap on the alleged penalties, but that cap is not implicated for purposes of this calculation because Abbott only had 62 pay periods between September 1, 2016 and November 9, 2017. Hence, the maximum amount of penalties during this period would have been $3,100 (62 pay periods x $50).

– 8 –

1  For all of the foregoing reasons, Abbott removes the above-entitled action now
2  pending in the Superior Court of the State of California for the County of Solano to this
3  Court.

5  DATED:  November 16, 2017                REED SMITH LLP

7                                           By: /s/ *Michele J. Beilke* _____
                                                Michele J. Beilke
8                                               Attorney for Defendant
                                                ABBOTT LABORATORIES