# EXHIBIT A

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| S. Brett Sutton   143107<br>Jared Hague 251517<br>Sutton Hague Law Corporation, P.C.<br>5200 N. Palm Ave., Suite 203<br>Fresno, CA 93704<br>TELEPHONE NO.: (559)325-0500   FAX NO.: (559)981-1217<br>ATTORNEY FOR (Name): Erica Sullivan | **ENDORSED FILED**<br>Clerk of the Superior Court<br>AUG 2 5 2017<br>J. Abueg<br>By_____<br>DEPUTY CLERK |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Solano
STREET ADDRESS: 600 Union Ave.
MAILING ADDRESS: 600 Union Ave.
CITY AND ZIP CODE: Fairfield, CA 94533
BRANCH NAME: Hall of Justice

CASE NAME: SULLIVAN, et al. v. SOFTPATH SYSTEM, LLC, et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: FCS 049482 |
|---|---|---|---|---|
| [X] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | DEPT: | JUDGE PAUL L. BEEMAN |

*Items 1-6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | (Cal. Rules of Court, rules 3.400-3.403) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | [ ] Other collections (09) | [ ] Construction defect (10) |
| [ ] Asbestos (04) | [ ] Insurance coverage (18) | [ ] Mass tort (40) |
| [ ] Product liability (24) | [ ] Other contract (37) | [ ] Securities litigation (28) |
| [ ] Medical malpractice (45) | **Real Property** | [ ] Environmental/Toxic tort (30) |
| [ ] Other PI/PD/WD (23) | [ ] Eminent domain/Inverse condemnation (14) | [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | **Enforcement of Judgment** |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | [ ] Enforcement of judgment (20) |
| [ ] Civil rights (08) | **Unlawful Detainer** | **Miscellaneous Civil Complaint** |
| [ ] Defamation (13) | [ ] Commercial (31) | [ ] RICO (27) |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] Other complaint (not specified above) (42) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | **Miscellaneous Civil Petition** |
| [ ] Professional negligence (25) | **Judicial Review** | [ ] Partnership and corporate governance (21) |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Other petition (not specified above) (43) |
| **Employment** | [ ] Petition re: arbitration award (11) | |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [X] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [X] is [ ] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties     d. [X] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel   e. [ ] Coordination with related actions pending in one or more courts
   issues that will be time-consuming to resolve            in other counties, states, or countries, or in a federal court
   c. [X] Substantial amount of documentary evidence        f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought (check all that apply): a. [X] monetary b. [X] nonmonetary; declaratory or injunctive relief c. [X] punitive
4. Number of causes of action (specify): 7 (Seven)
5. This case [X] is [ ] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)
Date: August 24, 2017
S. Brett Sutton   143107
_____          ►          _____
(TYPE OR PRINT NAME)                                  (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Legal Solutions Plus | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10 |

ENDORSED FILED
Clerk of the Superior Court

AUG 2 5 2017

By_____
J. Abueg
DEPUTY CLERK

1   S. BRETT SUTTON SBN 143107
    JARED HAGUE SBN 251517
2   ANTHONY E. GUZMAN II SBN 311580
    SUTTON HAGUE LAW CORPORATION, P.C.
    5200 N. Palm Avenue, Suite 203
3   Fresno, California 93704
    Telephone: (559) 325-0500
4   Facsimile: (559) 981-1217

ASSIGNED TO
JUDGE PAUL L. BEEMAN
FOR ALL PURPOSES

5

6   Attorneys for Plaintiff:
    ERICA SULLIVAN, as an individual and on behalf of all others similarly situated

7

8                   **SUPERIOR COURT OF CALIFORNIA**

9                         **COUNTY OF SOLANO**

                                 * * *

10

11  ERICA SULLIVAN, as an individual and on     Case No. FCS0 49482
    behalf of all others similarly situated,
12                                               **PLAINTIFF'S COMPLAINT FOR**
                Plaintiff,                       **DAMAGES FOR:**
13
         vs.                                     **CLASS ACTION PURSUANT TO**
14                                               **CAL. CODE OF CIV. PROC. § 382**

15  SOFTPATH SYSTEM, LLC, A Georgia              **(1) Failure To Pay Minimum Wages**
    Limited Liability Company; ABBOTT            **In Violation Of Labor Code §§ 1197,**
16  LABORATORIES, An Illinois Corporation; and   **1194 & 1194.2;**
    Does 1 through 50, inclusive,
17                                               **(2) Failure To Pay Overtime In**
                Defendants.                      **Violation Of Labor Code § 510;**
18
                                                 **(3) Failure To Provide All Mandated**
19                                               **Meal Periods Or Additional Wages In**
                                                 **Lieu Thereof;**
20
                                                 **(4) Failure To Provide All Mandated**
21                                               **Rest Periods Or Additional Wages In**
                                                 **Lieu Thereof;**
22
                                                 **(5) Failure To Issue Accurate Wage**
23                                               **Statements In Violation Of Labor**
                                                 **Code § 226;**
24
                                                 **(6) Failure To Timely Pay Wages Due**
25                                               **At Termination In Violation Of Labor**
                                                 **Code §§ 201, 202, & 203;**
26
                                                 **(7) Unfair Competition (Bus. & Prof.**
27                                               **Code § 17200)**

                                                 **JURY TRIAL DEMANDED**
28

Sutton Hague
Law Corporation, P.C.
5200 N. Palm Ave.
Suite 203
Fresno, CA 93704

PLAINTIFF'S COMPLAINT FOR DAMAGES

Plaintiff ERICA SULLIVAN ("PLAINTIFF"), as an individual and on behalf of all similarly-situated current and former employees, alleges against Defendants SOFTPATH SYSTEM, LLC, A Georgia Limited Liability Company; ABBOTT LABORATORIES, An Illinois Corporation (collectively "DEFENDANT"), and Does 1 through 50, inclusive as follows:

**GENERAL ALLEGATIONS**

**A.     THE PARTIES**

1.     PLAINTIFF is a former non-exempt employee of defendant SOFTPATH SYSTEMS, LLC who, at all times relevant herein, was residing in Solano County, California. During PLAINTIFF's employment with defendant SOFTPATH SYSTEMS, LLC, PLAINTIFF was assigned to work for defendant ABBOTT LABORATORIES as a temporary employee.

2.     PLAINTIFF is informed and believes, and thereon alleges that, at all times relevant herein, defendant SOFTPATH SYSTEMS, LLC is and/or was a Georgia limited liability company with employees in Solano County, California.

3.     PLAINTIFF is informed and believes, and thereon alleges that, at all times relevant herein, defendant ABBOTT LABORATORIES is and/or was an Illinois corporation with employees in Solano County, California.

4.     PLAINTIFF is unaware of the true names and/or capacities, whether individual, partnership, limited partnership, corporate, or otherwise, of the Defendants sued herein as DOES 1 through 50, inclusive, and each of them, and therefore sues such Defendants by such fictitious names pursuant to Code of Civil Procedure section 474.  PLAINTIFF is informed and believes, and thereon alleges, that each of the Defendants sued herein, including DOES 1 through 50, inclusive, is and was proximately the cause of or contributed to cause the damages hereinafter alleged, or in some other manner is responsible in whole or in part for the damages which have been, are being, and will be suffered by PLAINTIFF as alleged herein.  When the true names and/or capacities of the Defendants are ascertained, PLAINTIFF will seek leave to amend this Complaint to insert the same herein with appropriate charging allegations.

5.     PLAINTIFF is informed and believes and thereon alleges that DEFENDANT and each of the DOE Defendants, were acting at all relevant times herein, as the agent, ostensible

Sutton Hague
Law Corporation, P.C.
5200 N. Palm Ave.
Suite 203
Fresno, CA 93704

2

PLAINTIFF'S COMPLAINT FOR DAMAGES

agent, joint-venturer, joint-employer, servant, employee, co-conspirator and/or associate of each of the other Defendants, and were at all times acting within the course and scope of said agency, servitude, employment, joint-venture, association, and/or conspiracy and with the permission and consent of the other Defendants.

6.    PLAINTIFF is informed and believes, and thereon alleges, that, at all times relevant herein, the above DEFENDANT and/or each of its managing agents and supervisors aided, abetted, condoned, permitted, approved, authorized, and/or ratified the unlawful acts described herein.

7.    PLAINTIFF is informed and believes, and thereon alleges that, at all times relevant herein, the various acts and representations of DEFENDANT, including each of the DOE Defendants, and each agent or representative of DEFENDANT, were the result of, and in furtherance of, an agreement whereby the DEFENDANT and each agent or representative of the DEFENDANT knowingly conspired to engage in the acts described herein, including, but not limited to, DEFENDANT's violation of the California Labor Code.

8.    PLAINTIFF brings Causes of Action ONE through SEVEN on behalf of herself and all other similarly situated current and former California employees of DEFENDANT as a class action pursuant to California Code of Civil Procedure section 382.  PLAINTIFF seeks to represent a class and/or subclasses composed of and defined as follows:

Class 1

All current and former non-exempt employees of DEFENDANT who performed work for DEFENDANT in California at any time within four (4) years preceding the filing of this action.

Subclass A ("First Meal Period Sub-Class")

All current and former non-exempt employees of DEFENDANT who performed work for DEFENDANT in California and who worked more than five (5) hours in a work day at any time within four (4) years preceding the filing of this action.

Subclass B ("Second Meal Period Sub-Class")

PLAINTIFF'S COMPLAINT FOR DAMAGES

Sutton Hague
Law Corporation, P.C.
5200 N. Palm Ave.
Suite 203
Fresno, CA 93704

All current and former non-exempt employees of DEFENDANT who performed work for DEFENDANT in California and who worked more than ten (10) hours in a work day at any time within four (4) years preceding the filing of this action.

Subclass C ("Rest Period Sub-Class")

All current and former non-exempt employees of DEFENDANT who performed work for DEFENDANT in California and who worked three and one-half (3 1/2) or more hours in a work day at any time within four (4) years preceding the filing of this action.

Subclass D ("Minimum Wage Sub-Class")

All current and former non-exempt employees of DEFENDANT in California who performed work for DEFENDANT in California and who were required to work for DEFENDANT, or whom DEFENDANT permitted or suffered to work, during their meal periods, or at times otherwise off-the-clock, without compensation at any time within four (4) years preceding the filing of this action.

Subclass E ("Overtime Wage Sub-Class")

All current and former non-exempt employees of DEFENDANT in California who were required to work overtime hours for DEFENDANT, or whom DEFENDANT permitted or suffered to work overtime hours, without overtime compensation as required by Labor Code section 510 and Wage Order 1 and/or any other applicable wage order at any time within four (4) years preceding the filing of this action.

Subclass F ("Waiting Time Penalty Sub-Class")

All former non-exempt employees of DEFENDANT in California within four (4) years preceding the filing of this action.

/ / /

/ / /

Sutton Hague
Law Corporation, P.C.
5200 N. Palm Ave.
Suite 203
Fresno, CA 93704

4

PLAINTIFF'S COMPLAINT FOR DAMAGES

Class 2

All current and former employees of DEFENDANT in California who received a wage statement that did not comply with the provisions of Labor Code section 226(a).

9.     These individuals shall hereinafter be referred to collectively as the "Class Members."

10.    PLAINTIFF reserves the right under California Rules of Court Rule 3.765(b) to amend or modify the class description with greater specificity or further division into subclasses or limitation to particular issues.

**B.     THE ACTION**

11.    This action is brought, in part, to remedy the following:

(a)     DEFENDANT's failure to pay PLAINTIFF and the Class Members the minimum, overtime and double time in accordance with California law by;

(b)     DEFENDANT's failure to provide PLAINTIFF and the Class Members with a reasonable opportunity to take a net thirty-minute, duty-free meal period for each workday during which such employees worked more than five hours, or a second meal period for each workday during which such employees worked more than ten hours, as mandated by California law, or to pay such employees one (1) hour of additional wages at the employees' regular rate of compensation for each workday for which the duty-free meal period was and/or is not provided, as required by California Labor Code sections 226.7 and 512 and Industrial Welfare Commission Wage Order 1 and/or any other applicable Wage Order;

(c)     DEFENDANT's failure to provide PLAINTIFF and the Class Members with a reasonable opportunity to take a paid net ten-minute, duty-free rest period per four hours worked or major fraction thereof, as mandated by California law, or to pay such employees one (1) hour of additional wages at the employees' regular rate of compensation for each workday for

Sutton Hague
Law Corporation, P.C.
5200 N. Palm Ave.
Suite 203
Fresno, CA 93704

5

PLAINTIFF'S COMPLAINT FOR DAMAGES

which the duty-free rest period was and/or is not provided, as required by Industrial Welfare Commission Wage Order 1 and/or any other applicable Wage Order;

(d)     DEFENDANT's failure to issue accurate, itemized wage statements to PLAINTIFF and the Class Members in accordance with California law;

(e)     DEFENDANT's failure to pay Class Members all wages due and owing upon the termination of employment with DEFENDANT;

(f)     DEFENDANT's engagement in unfair business practices against PLAINTIFF and the Class Members.

## C.     VENUE

12.     Venue is proper in this county because, among other reasons, certain of the violations of the California Labor Code were committed in Solano County and DEFENDANT's conduct business in Solano County and the majority of the events and conduct complained of herein occurred in Solano County. The unlawful acts alleged have a direct effect on PLAINTIFF and other Class Members.  PLAINTIFF and the Class Members will continue to suffer the same harm as PLAINTIFF as a result of DEFENDANT's wrongful conduct unless the relief requested herein is granted.

13.     PLAINTIFF is informed and believes, and thereon alleges, that during the four-year period preceding the filing of this class action, no other class action has been filed asserting the same or similar factual allegations against DEFENDANT on behalf of the same or similar Class Members. PLAINTIFF has conducted a review of wage and hour class actions filed against DEFENDANT; none of those class actions assert the claims under California law alleged herein.

## D.     CLASS ACTION ALLEGATIONS

14.     Causes of Action One through Seven have been brought and properly may be maintained as a class action under the provisions of section 382 of the California Code of Civil Procedure because: a) there is a well-defined community of interest in the litigation; and b) the proposed class is easily ascertainable.

***Numerosity***

Sutton Hague
Law Corporation, P.C.
5200 N. Palm Ave.
Suite 203
Fresno, CA 93704

6

PLAINTIFF'S COMPLAINT FOR DAMAGES

15.     The potential members of the class as defined are so numerous that joinder of all members of the class is impracticable. PLAINTIFF is informed and believes, and thereon alleges that, at all times mentioned herein, PLAINTIFF and the Class Members are or have been affected by DEFENDANT and DOES 1-50's unlawful practices as alleged herein.

16.     Accounting for employee turnover during the relevant period covered by this action necessarily and substantially increases the number of employees covered by this action. PLAINTIFF is informed and believes, and thereon alleges, that DEFENDANT and DOES 1-50's employment records would provide information as to the actual number and location of all Class Members.  Joinder of all members of the proposed class is not practicable.

### ***Commonality***

17.     There are questions of law and fact common to the class predominating over any questions affecting only individual Class Members.  These common questions of law and fact include, without limitation:

a.  Whether DEFENDANT violated the California Labor Code and Industrial Welfare Commission Wage Orders by failing to pay minimum wage, overtime, and double time wages to PLAINTIFF and the Class Members;

b.  Whether DEFENDANT violated California Labor Code sections 226.7 and 512 and Industrial Welfare Commission Wage Order 1 and/or any other applicable Wage Order by failing to provide PLAINTIFF and the Class Members with a thirty-minute, duty-free meal period for each workday during which such employees worked more than five hours, or a second meal period for each workday during which such employees worked more than ten hours, or by paying such employees one (1) hour of additional wages at the employees' regular rate of compensation;

c.   Whether DEFENDANT violated Industrial Welfare Commission Wage Order 1 and/or any other applicable Wage Order by failing to permit PLAINTIFF and the Class Members to take a paid net ten-minute, duty-free rest period per four hours worked or major fraction thereof or to pay such employees one (1) hour of

Sutton Hague
Law Corporation, P.C.
5200 N. Palm Ave.
Suite 203
Fresno, CA 93704

additional wages at the employees' regular rate of compensation for each workday for which a rest period was and/or is not provided;

d.  Whether DEFENDANT violated California Labor Code section 226 by failing to issue accurate, itemized wage statements to PLAINTIFF and the Class Members;

e.  Whether DEFENDANT violated California Labor Code sections 20l, 202 and 203 by failing to pay all wages due and owing at the time that any Class Member's employment with DEFENDANT and/or DOES 1-50 ended, whether voluntarily or involuntarily;

f.  Whether DEFENDANT violated California Business and Professions Code section 17200 *et seq.* and engaged in unlawful, unfair, and deceptive business practices by violating California Labor Code sections 201, 202, 203, 226, 226.7, 510, 512, 1194, 1194.2 and Industrial Welfare Commission Wage Order 1 and/or any other applicable Wage Order and failing to: (1) pay minimum, overtime, and double time to the Class Members; (2) permit the Class Members to take a net thirty-minute, duty-free first and/or second meal period when they worked more than 5 and 10 hours in a workday and/or pay such employees additional wages as required by California law; (3) permit the Class Members to take a paid net ten-minute, duty-free rest period for every four hours of work or major fraction thereof and/or pay such employees additional wages as required by California law; (4) issue mandated accurate, itemized wage statements; and (5) pay all owed wages at the time that any Class Member's employment with DEFENDANTS ended, whether voluntarily or involuntarily; and

g.  Whether PLAINTIFF and the Class Members are entitled to equitable relief pursuant to California Business and Professions Code section 17200 *et seq.*

### *Typicality*

18.  The claims of the named PLAINTIFF are typical of the claims of the class. PLAINTIFF and all members of the class sustained injuries and damages arising out of, and

Sutton Hague
Law Corporation, P.C.
5200 N. Palm Ave.
Suite 203
Fresno, CA 93704

1    caused by, DEFENDANT and DOES 1-50's common course of conduct in violation of

2    California laws, regulations, and statutes as alleged herein.

3         ***Adequacy of Representation***

4         19.    PLAINTIFF will fairly and adequately represent and protect the interests of the

5    members of the class.  Counsel who represents PLAINTIFF is competent and experienced in

6    litigating wage and hour class actions and California Business and Professions Code section

7    17200 *et seq.* cases.

8         ***Superiority of Class Action***

9         20.    A class action is superior to other available means for the fair and efficient

10   adjudication of this controversy.  Individual joinder of all Class Members is not practicable, and

11   questions of law and fact common to the class predominate over any questions affecting only

12   individual members of the Class.  Each member of the Class has been damaged and is entitled to

13   recovery as a result of DEFENDANT's and DOES 1-50's unlawful policies and practices alleged

14   in this Complaint.

15        21.    Class action treatment will allow those similarly situated persons to litigate their

16   claims in the manner that is most efficient and economical for the parties and the judicial system.

17   PLAINTIFF is unaware of any difficulties likely to be encountered in the management of this

18   action that would preclude its maintenance as a class action.

19                          **BACKGROUND ALLEGATIONS**

20        1.     PLAINTIFF is a former non-exempt employee of defendant SOFTPATH

21   SYSTEMS, LLC who, at all times relevant herein, was residing in Solano County, California.

22   During PLAINTIFF's employment with defendant SOFTPATH SYSTEMS, LLC, PLAINTIFF

23   was assigned to work for defendant ABBOTT LABORATORIES as a temporary employee.

24        2.     PLAINTIFF is informed and believes, and thereon alleges, that defendant

25   SOFTPATH SYSTEMS, LLC was, at all relevant times herein, engaged in the business of

26   providing temporary employees.

27   / / /

28   / / /

Sutton Hague
Law Corporation, P.C.
5200 N. Palm Ave.
Suite 203
Fresno, CA 93704

PLAINTIFF'S COMPLAINT FOR DAMAGES

3.     PLAINTIFF is informed and believes, and thereon alleges, that defendant ABBOTT LABORATORIES was, at all relevant times herein, engaged in the business of manufacturing and packaging nutritional products.

4.     PLAINTIFF is informed and believes, and thereon alleges, that at all times mentioned herein, DEFENDANT had statutory obligations to pay PLAINTIFF and all other similarly situated Class Members minimum, overtime, and double time wages according to California law.

5.     PLAINTIFF is further informed and believes, and thereon alleges, that at all times mentioned herein, DEFENDANT had statutory obligations to provide PLAINTIFF and all other similarly situated Class Members a net thirty-minute, duty-free meal period during any workday during which such employee worked more than five hours, and a second meal period during any workday during which such employees worked more than ten hours and/or pay such employees additional wages.

6.     PLAINTIFF is further informed and believes, and thereon alleges, that at all times mentioned herein, DEFENDANT had statutory obligations to permit PLAINTIFF and all other similarly situated Class Members to take a paid net ten-minute, duty-free rest period per four hours worked or major fraction thereof and/or pay such employees additional wages.

7.     PLAINTIFF is further informed and believes, and thereon alleges, that at all times mentioned herein, DEFENDANT had statutory obligations to issue to PLAINTIFF and all other similarly situated Class Members wage statements compliant with Labor Code section 226.

8.     PLAINTIFF is further informed and believes, and thereon alleges, that at all times mentioned herein, DEFENDANT had statutory obligations to pay Class Members all wages earned upon termination of employment.

9.     However, PLAINTIFF is informed and believes, and thereon alleges, that DEFENDANT improperly, and in violation of California law, failed to pay minimum, overtime, and double time wages by, among other things, failing to compensate PLAINTIFF and other similarly situated Class Members for all hours worked, and thereby causing underpayment of minimum wages and overtime wage premiums, in addition to failing to properly calculate the

Sutton Hague
Law Corporation, P.C.
5200 N. Palm Ave.
Suite 203
Fresno, CA 93704

10

PLAINTIFF'S COMPLAINT FOR DAMAGES

1  regular rate of pay by excluding non-discretionary bonus amounts, and all amounts earned during

2  that applicable workweek, in the regular rate calculation.

3        10.    PLAINTIFF is informed and believes, and thereon alleges, that DEFENDANT

4  improperly, and in violation of California law, failed to provide a net thirty-minute, duty-free

5  meal period for employees who worked more than five hours in a workday, failed to provide a

6  second net thirty-minute, duty-free meal period for employees who worked more than ten hours

7  in a workday, and/or failed to pay such employees one (1) hour of additional wages at the

8  employees' regular rate of compensation for each workday for which a meal period was not

9  provided by, among other things, establishing and carrying out policies through its managing

10  agents and supervisors that violated California Labor Code sections 226.7 and 512 and Industrial

11  Welfare Commission Wage Order 1 and/or any other applicable Wage Order that requires

12  DEFENDANT to provide meal periods to PLAINTIFF and other similarly situated Class

13  Members.

14        11.    PLAINTIFF is informed and believes, and thereon alleges, that DEFENDANT

15  improperly, and in violation of California law, failed to authorize and permit a paid net ten-

16  minute, duty-free rest period for employees per four hours worked or major fraction thereof

17  and/or failed to pay such employees one (1) hour of additional wages at the employees' regular

18  rate of compensation for each workday for which a rest break was not provided by, among other

19  things, establishing and carrying out policies through its managing agents and supervisors that

20  violated California Labor Code section 226.7 and Industrial Welfare Commission Wage Order 1

21  and/or any other applicable Wage Order that requires DEFENDANT to provide rest breaks to

22  PLAINTIFF and other similarly situated Class Members.

23        12.    PLAINTIFF is informed and believes, and thereon alleges, that DEFENDANT

24  improperly, and in violation of California law, failed to allow outdoor employees to take

25  recovery periods by, among other things, establishing and carrying out policies through its

26  managing agents and supervisors that violated California Labor Code section 226.7 and Title 8

27  California Code of Regulations section 3395, which requires DEFENDANTS to allow

28  PLAINTIFF and other similarly situated Class Members to take recovery breaks.

Sutton Hague
Law Corporation, P.C.
5200 N. Palm Ave.
Suite 203
Fresno, CA 93704

11

PLAINTIFF'S COMPLAINT FOR DAMAGES

13.     PLAINTIFF is informed and believes, and thereon alleges, that DEFENDANT improperly, and in violation of California law, failed to issue accurate wage statements to PLAINTIFF and other similarly situated Class Members by, among other things and missing items, failing to account for all hours worked and wages earned, including failing to include payments of non-discretionary bonus amounts in the regular rate of pay calculation.

14.     PLAINTIFF is informed and believes, and thereon alleges, that DEFENDANT improperly, and in violation of California law, failed to pay Class Members all wages earned upon termination of employment by, among other things, failing to pay wages for all hours worked and failing to include payments of non-discretionary bonus amounts in the regular rate of pay calculation.

15.     As a result of the actions of DEFENDANT, PLAINTIFF and other similarly situated Class Members suffered damages, including lost pay, wages, and interest.

16.     PLAINTIFF is informed and believes, and thereon alleges, that Class Members did not secret or absent themselves from DEFENDANT nor did they refuse to accept the earned but unpaid wages from DEFENDANT.  Accordingly, DEFENDANT is liable for waiting time penalties for the unpaid wages pursuant to Labor Code sections 201, 202, and 203 and section 20 of the applicable Industrial Welfare Commission Order.

## FIRST CAUSE OF ACTION

### FAILURE TO PAY MINIMUM WAGES IN VIOLATION OF

### LABOR CODE §§ 1197, 1194, & 1194.2

### (PLAINTIFF, Individually and on Behalf of the Class Members, Against DEFENDANT and DOES 1 through 50)

17.     All prior allegations are re-alleged and incorporated herein by this reference.

18.     DEFENDANT failed to pay PLAINTIFF and Class Members minimum wages for all hours worked.

19.     California Labor Code section 1197 provides that "[t]he minimum wage for employees fixed by the commission is the minimum wage to be paid to employees, and payment of less than the minimum so fixed is unlawful."

Sutton Hague
Law Corporation, P.C.
5200 N. Palm Ave.
Suite 203
Fresno, CA 93704

12

PLAINTIFF'S COMPLAINT FOR DAMAGES

20.     The applicable minimum wage fixed by the commission for employees, such as Plaintiff and Class Members is found in section 4(A) of Industrial Welfare Commission Wage Order 1 and/or any other applicable Wage Order.

21.     The minimum wage provisions of the California Labor Code are enforceable by private action pursuant to California Labor Code section 1194(a), which states:

> Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit.

22.     As described in California Labor Code sections 1185 and 1194.2, any such action incorporates the applicable Wage Order of the Industrial Welfare Commission.

23.     California Labor Code section 1194.2 also provides for the following remedies:
> In any action under . . . Section 1194 to recover wages because of the payment of a wage less than the minimum wage fixed by an order of the commission, an employee shall be entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

24.     PLAINTIFF is informed and believes, and thereon alleges, that during all times mentioned herein DEFENDANT required, allowed, suffered, and/or permitted PLAINTIFF and Class Members to engage in, among other things, a variety of off the clock tasks related to donning and doffing their uniforms without being compensated at the applicable minimum wage in accordance with the provisions of California Labor Code sections 1197, 1194, and 1194.2, and Section 4 of the Industrial Welfare Commission Wage Order 1 and/or any other applicable Wage Order

25.     As such, PLAINTIFF, individually and on behalf of Class Members, may bring this action for minimum wages and overtime, interest, costs of suit, and attorneys' fees pursuant to California Labor Code section 1194(a).

26.     Wherefore, PLAINTIFF and the Class Members are entitled to recover liquidated damages in an amount equal to the minimum wages unlawfully unpaid, and interest thereon,

Sutton Hague
Law Corporation, P.C.
5200 N. Palm Ave.
Suite 203
Fresno, CA 93704

13

PLAINTIFF'S COMPLAINT FOR DAMAGES

1    pursuant to California Labor Code section 1194.2 and reasonable attorneys' fees, costs of suit,

2    and penalties pursuant to section 1197.1.

3                               **SECOND CAUSE OF ACTION**

4          **FAILURE TO PAY OVERTIME IN VIOLATION OF LABOR CODE § 510**

5        **(PLAINTIFF, Individually and on Behalf of the Class Members, Against DEFENDANTS**

6                                  **and DOES 1 through 50)**

7          27.    All prior allegations are re-alleged and incorporated herein by this reference.

8          28.    As a general matter, California Labor Code section 510, subsection (a) provides,

9    in pertinent part, as follows:

10           Eight hours of labor constitutes a day's work.  Any work in excess
11           of eight hours in one workday and any work in excess of 40 hours
             in any one workweek and the first eight hours worked on the
12           seventh day of work in any one workweek shall be compensated at
             the rate of no less than one and one-half times the regular rate
13           of pay for an employee.  Any work in excess of 12 hours in one day
             shall be compensated at the rate of no less than twice the regular
14           rate of pay for an employee. In addition, any work in excess of
             eight hours on any seventh day of a workweek shall be
15           compensated at the rate of no less than twice the regular rate of pay
16           of an employee . . . .

17

18         29.    Modifying this standard, Section 3 of Industrial Welfare Commission Wage Order

19    1 and/or any other applicable Wage Order, provides, in pertinent part, as follows:

20           The following overtime provisions are applicable to employees 18
             years of age or over and to employees 16 or 17 years of age who
21           are not required by law to attend school and are not otherwise
             prohibited by law from engaging in the subject work.   Such
22           employees shall not be employed more than ten (10) hours in any
             one workday or more than six (6) days in any workweek unless the
23           employee receives one and one-half (1 ½) times such employee's
             regular rate of pay for all hours worked over ten (10) hours in any
24           workday and for the first eight (8) hours on the seventh (7th) day of
             work and double the employee's regular rate of pay for all hours
25           worked over eight (8) on the seventh (7th) day of working in the
26           workweek.

27           *See* Cal. Admin. Code tit. 8, §11070(3)(A).

28

Sutton Hague
Law Corporation, P.C.
5200 N. Palm Ave.
Suite 203
Fresno, CA 93704

PLAINTIFF'S COMPLAINT FOR DAMAGES

30.     PLAINTIFF is informed and believes, and thereon alleges, that during all times mentioned herein DEFENDANT required, allowed, suffered, and/or permitted PLAINTIFF and Class Members to work in excess of ten (10) hours in one work day or six (6) days per work week without being compensated at the applicable overtime rate of pay in accordance with the provisions of California Labor Code section 510 and Section 3 of the Industrial Welfare Commission Wage Order 1 and/or any other applicable Wage Order.

31.     In addition, PLAINTIFF is informed and believes, and thereon alleges, that DEFENDANT required, allowed, suffered, and/or permitted PLAINTIFF and Class Members to engage in, among other things, a variety of off the clock tasks related to donning and doffing their uniforms without separate hourly and therefore were subsequently not paid for all overtime or double time worked, at least a portion of which time was compensable to PLAINTIFF and Class Members at one-and-one-half or two times of PLAINTIFF and Class Members' regular rate of pay.

32.     In addition, PLAINTIFF, on behalf of herself and the Class Members, has incurred, and will continue to incur, attorneys' fees and costs.  PLAINTIFF, on behalf of herself and the Class Members, are presently unaware of the precise amount of these fees and costs and pray for leave of this Court to amend the Complaint when the amounts are fully known. Pursuant to California Labor Code sections 1194, PLAINTIFF and Class Members are entitled to recover attorneys' fees, expenses, and costs according to proof.

## **THIRD CAUSE OF ACTION**

### **VIOLATION OF LABOR CODE §§ 226.7 AND 512**

### **(MEAL PERIODS)**

### **(PLAINTIFF, Individually and on Behalf of the Class Members, Against DEFENDANTS and DOES 1 through 50)**

33.     All prior allegations are re-alleged and incorporated herein by this reference.

34.     California Labor Code section 512, subsection (a), provides, in pertinent part, as follows:

> An employer may not employ an employee for a work period of more than five hours per day without providing the employee with

15

Sutton Hague
Law Corporation, P.C.
5200 N. Palm Ave.
Suite 203
Fresno, CA 93704

a meal period of not less than 30 minutes, except that if the total work period per day of the employee is not more than six hours. The meal period may be waived by mutual consent of both the employer and employee. An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

35.     Similarly, section 11 of Industrial Welfare Commission Wage Order 1 provides, in pertinent part, as follows:

Every employer shall authorize and permit all employees after a work period of not more than five (5) hours to take a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and the employee…

36.     California Labor Code section 226.7 provides, in pertinent part, as follows:

An employer shall not require an employee to work during any meal or rest or recovery period mandated pursuant to an applicable statute, or applicable regulation, standard, or order of the Industrial Welfare Commission, the Occupational Safety and Health Standards Board, or the Division of Occupational Safety and Health.

If an employer fails to provide an employee a meal or rest or recovery period in accordance with an with a state law, including, but not limited to, an applicable statute or applicable regulation, standard, or order of the Industrial Welfare Commission, the Occupational Safety and Health Standards Board, or the Division of Occupational Safety and Health, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each workday that the meal or rest or recovery period is not provided.

37.     PLAINTIFF is informed and believes, and thereon alleges, that she and Class Members systematically worked periods of more than five (5) hours in a workday without being provided a mandated thirty-minute, duty-free meal while in the employ of DEFENDANT.

Sutton Hague
Law Corporation, P.C.
5200 N. Palm Ave.
Suite 203
Fresno, CA 93704

16

PLAINTIFF'S COMPLAINT FOR DAMAGES

Specifically, PLAINTIFF is informed and believes, and thereon allege, that, at all times mentioned herein, DEFENDANT maintained company policies that did not provide its employees the opportunity to take meal periods during any given workday, including workdays during which employees worked more than five (5) hours. PLAINTIFF is further informed and believes, and thereon alleges, that DEFENDANT did not pay PLAINTIFF or any of the other affected Class Members an additional one (1)-hour's wage at the regular rate of pay for each meal period that was not provided as stated above.

38.     Accordingly, DEFENDANT violated California Labor Code sections 226.7 and 512 and section 11 of Industrial Welfare Commission Wage Order 1 and/or any other applicable Wage Order by failing to provide a meal period for days on which non-exempt employees work(ed) in excess of five hours and failing to pay one hour of additional wages in lieu of each meal period not provided. DEFENDANT is liable for one hour of additional wages at each of the affected Class Members' regular rate of compensation for each workday for which a meal period was not lawfully provided.

39.     As a result of the unlawful acts of DEFENDANT, PLAINTIFF and Class Members have been deprived of additional wages in amounts to be proven at trial and are entitled to recover such amounts, plus interest and penalties thereon, attorneys' fees, and costs of suit in addition to any other relief requested below.

**FOURTH CAUSE OF ACTION**

**VIOLATION OF LABOR CODE §§ 226.7 AND INDUSTRIAL WELFARE**

**COMMISSION WAGE ORDER 1**

**(REST PERIODS)**

**(PLAINTIFF, Individually and on Behalf of the Class Members, Against DEFENDANTS**

**and DOES 1 through 50)**

40.     All prior allegations are re-alleged and incorporated herein by this reference..

41.     Section 12 of Industrial Welfare Commission Wage Order 1 provides, in pertinent part, as follows:

> Every employer shall authorize and permit all employees to take
> rest periods, which insofar as practicable shall be in the middle of

Sutton Hague
Law Corporation, P.C.
5200 N. Palm Ave.
Suite 203
Fresno, CA 93704

17

PLAINTIFF'S COMPLAINT FOR DAMAGES

each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof….Authorized rest period time shall be counted as hours worked for which there shall be no deduction from wages.

42.   California Labor Code section 226.7 provides, in pertinent part, as follows:

(b)     An employer shall not require an employee to work during any meal or rest or recovery period mandated pursuant to an applicable statute, or applicable regulation, standard, or order of the Industrial Welfare Commission, the Occupational Safety and Health Standards Board, or the Division of Occupational Safety and Health.

(c)     If an employer fails to provide an employee a meal or rest or recovery period in accordance with an with a state law, including, but not limited to, an applicable statute or applicable regulation, standard, or order of the Industrial Welfare Commission, the Occupational Safety and Health Standards Board, or the Division of Occupational Safety and Health, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each workday that the meal or rest or recovery period is not provided.

43.   PLAINTIFF is informed and believes, and thereon alleges, that she and Class Members systematically worked periods of more than 3 ½ hours in a workday without being provided a mandated paid ten-minute, duty-free compensated rest period while in the employ of DEFENDANT for every four hours worked or major fraction thereof. PLAINTIFF is informed and believes, and thereon alleges, that, at all times mentioned herein, DEFENDANT maintained company policies that did not permit its employees to take a compensated rest period for every four hours worked or major fraction thereof during any given workday including workdays during which their employees worked more than 3 ½ hours. PLAINTIFF is informed and believes, and thereon alleges, that she and Class Members were not provided with all of their daily rest periods while in the employ of DEFENDANT in accordance to California law. PLAINTIFF is further informed and believes, and thereon alleges, that DEFENDANT never paid PLAINTIFF or any of the other affected Class Members an additional one (1)-hour's wage for each rest period that was not provided as stated above.

Sutton Hague
Law Corporation, P.C.
5200 N. Palm Ave.
Suite 203
Fresno, CA 93704

18

PLAINTIFF'S COMPLAINT FOR DAMAGES

44.     Accordingly, DEFENDANT violated California Labor Code section 226.7 and section 12 of Industrial Welfare Commission Wage Order 1 and/or any other applicable Wage Order by failing to provide their employees who worked more than 3 ½ hours in a workday with a rest period every four hours or major fraction thereof as required by California law and failing to pay one hour of additional wages in lieu of each rest period not provided. DEFENDANT is liable for one hour of additional wages at each of the affected Class Members' regular rate of compensation for each workday for which a rest period was not lawfully provided.

45.     As a result of the unlawful acts of DEFENDANT, PLAINTIFF and Class Members have been deprived of additional wages in amounts to be proven at trial and are entitled to recover such amounts, plus interest and penalties thereon, attorneys' fees, and costs of suit, in addition to any other relief requested below.

## FIFTH CAUSE OF ACTION

### FAILURE TO FURNISH ITEMIZED STATEMENTS OF WAGES

**(PLAINTIFF, Individually and on Behalf of the Class Members, Against DEFENDANTS and DOES 1 through 50)**

46.     All prior allegations are re-alleged and incorporated herein by this reference.

47.     DEFENDANT is required to maintain accurate records of, among other things, gross wages, total hours worked, all deductions, net wages earned, and all applicable hourly rates and the corresponding number of hours worked at each hourly rate for each pay period for PLAINTIFF and each of the Class Members.

48.     DEFENDANT was required to furnish such records to PLAINTIFF and Class Members semi-monthly or at the time of payment of wages and to properly itemize the paycheck as required by the California Labor Code, Industrial Welfare Commission Order, and the California Code of Regulations, including, but not limited to, California Labor Code section 226.

49.     PLAINTIFF is informed and believes, and on that basis alleges, that DEFENDANT failed to accurately maintain and furnish records of the wages earned by PLAINTIFF and Class Members.  Plaintiff is informed and believes that, as a result of the aforementioned practices alleged throughout this complaint, DEFENDANT failed to provide and

Sutton Hague
Law Corporation, P.C.
5200 N. Palm Ave.
Suite 203
Fresno, CA 93704

19

PLAINTIFF'S COMPLAINT FOR DAMAGES

possibly maintain accurate records of total hours worked, net wages and gross wages earned, address of the employer, deductions, and all applicable hourly rates and the corresponding number of hours worked at each hourly rate for each pay period for PLAINTIFF and each of the Class Members.

50.     As a direct and proximate result of DEFENDANT's failure to issue accurate, itemized wages statements to PLAINTIFF and Class Members, PLAINTIFF and Class Members suffered damage.

51.     PLAINTIFF and Class Members are, therefore, entitled to penalties pursuant to Labor Code section 226 along with interest on those penalties and attorneys' fees, as required by Labor Code section 226, in addition to the relief requested below.

### SIXTH CAUSE OF ACTION

### FAILURE TO TIMELY PAY WAGES DUE AT TERMINATION IN VIOLATION OF
### LABOR CODE §§ 201, 202, & 203

### (PLAINTIFF, On Behalf of the Class Members, Against DEFENDANTS and DOES 1
### through 50)

52.     All prior allegations are re-alleged and incorporated herein by this reference.

53.     California Labor Code section 201 provides, in pertinent part:  "If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately . . ." Cal. Lab. Code § 201.

54.     California Labor Code section 202 provides, in pertinent part, as follows:

> If an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting. Notwithstanding any other provision of law, an employee who quits without providing a 72-hour notice shall be entitled to receive payment by mail if he or she so requests and designates a mailing address. The date of the mailing shall constitute the date of payment for purposes of the requirement to provide payment within 72 hours of the notice of quitting.

55.     California Labor Code section 203 provides, in pertinent part, as follows:

Sutton Hague
Law Corporation, P.C.
5200 N. Palm Ave.
Suite 203
Fresno, CA 93704

20

PLAINTIFF'S COMPLAINT FOR DAMAGES

1
2
3
4
5
6
7
8
9

> If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202, and 205.5, any wages of an employee who is discharged or quit, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefore is commenced; but the wages shall not continue for more than 30 days.  An employee who secretes or absents herself or herself to avoid payment to her or her, or who refuses to receive the payment when fully tendered to her or her, including any penalty then accrued under this section, is not entitled to any benefit under this section for the time during which he or she so avoids payment. Suit may be filed for these penalties at any time before the expiration of the statue of limitations on an action for the wages from which the penalties arises.

10
11
12
13
14

56.    PLAINTIFF is informed and believes, and on that basis alleges, that Class Members were terminated or have voluntarily left DEFENDANT's employ, and PLAINTIFF is informed and believes, and on that basis alleges, that they have not received compensation for all wages earned, including, but not limited to, minimum wages, overtime, and double time wages, owed in accordance with the provisions of California Labor Code sections 201, 202, and 203.

15
16

57.    PLAINTIFF is informed and believes, and on that basis alleges, that this failure by DEFENDANT to pay was willful and intentional.

17
18
19
20
21

58.    In addition, PLAINTIFF is informed and believes, and on that basis alleges, that since Class Members' termination from employment with DEFENDANT, DEFENDANT continually, failed to pay the minimum wage compensation that is due and owing, thereby entitling the Class Members to waiting time penalties for the unpaid wages owed pursuant to California Labor Code sections 201, 202, and 203.

22
23
24
25

59.    PLAINTIFF is informed and believes, and thereon alleges, that Class Members did not secret or absent themselves from DEFENDANT nor did they refuse to accept the earned and unpaid wages from DEFENDANT.  Accordingly, DEFENDANT is liable for waiting time penalties for the unpaid wages pursuant to California Labor Code sections 201, 202, and 203.

26
27
28

60.    In addition, PLAINTIFF, on behalf of the Class Members, has incurred, and will continue to incur, legal expenses, including costs.  PLAINTIFF, on behalf of the Class Members, is presently unaware of the precise amount of these fees and expenses and prays for leave of this

Sutton Hague
Law Corporation, P.C.
5200 N. Palm Ave.
Suite 203
Fresno, CA 93704

21

PLAINTIFF'S COMPLAINT FOR DAMAGES

Court to amend the Complaint when the amounts are fully known.  PLAINTIFF and Class Members are entitled to recover expenses, and costs according to proof.

**SEVENTH CAUSE OF ACTION**

**VIOLATION OF UNFAIR COMPETITION LAW**

**(BUSINESS AND PROFESSIONS CODE §17200, ET SEQ.)**

**(PLAINTIFF, Individually and on Behalf of the Class Members, Against DEFENDANTS and DOES 1 through 50)**

61.     All prior allegations are re-alleged and incorporated herein by this reference.

62.     DEFENDANT has engaged and continues to engage in unfair business practices in California by practicing, employing, and utilizing the employment policy of failing to pay PLAINTIFF and Class Members employment compensation as required by the California law cited herein above and by violating applicable provisions of the California Labor Code, including, but not limited to, California Labor Code sections 201, 202, 203, 204, 226, 226.7, 510, 512, 1174, 1194, 1194.2, 1197, certain provisions of the Industrial Welfare Commission Wage Order 1 and/or any other applicable Wage Order, and certain provisions of Title 8 of the California Code of Regulations, as alleged herein.  DEFENDANT's utilization of such illegal and unfair business practices constitutes unfair competition and provides DEFENDANT with an unfair advantage over DEFENDANT's competitors.

63.     PLAINTIFF seeks on her own behalf, on behalf of those similarly situated, and on behalf of the general public full restitution and disgorgement of all employment compensation wrongfully withheld, as necessary and according to proof, to restore any and all monies withheld, acquired, and/or converted by the DEFENDANT by means of the unfair and unlawful practices complained of herein.  The restitution and disgorgement requested includes all wages earned and unpaid, including interest thereon.  The acts complained of herein occurred, at least in part, within the last four (4) years preceding the filing of the Complaint in this action and continue to the present.

64.     PLAINTIFF is informed and believes, and on that basis alleges, that at all times herein mentioned DEFENDANTS has engaged in unlawful and unfair business practices as

Sutton Hague
Law Corporation, P.C.
5200 N. Palm Ave.
Suite 203
Fresno, CA 93704

22

PLAINTIFF'S COMPLAINT FOR DAMAGES

proscribed by California Business and Professions Code 17200 *et seq.* by depriving PLAINTIFF and Class Members of the minimum working conditions and standards due to them under the California Labor Code, Industrial Welfare Commission Wage Orders, and Title 8 of the California Code of Regulations, as identified herein.

65.     California Business and Professions Code 17200 *et seq.* prohibits acts of unfair competition, which mean and include any unlawful, unfair, or fraudulent business act or practice. Under California law, wages unlawfully withheld from an employee constitutes an unfair business act, entitling PLAINTIFF and Class Members to a restitution remedy authorized by California Business and Professions Code section 17203.  PLAINTIFF and Class Members and the general public are, therefore, entitled to the relief requested below.

66.     In addition, PLAINTIFF has incurred, on behalf of herself, and on behalf of the Class Members, and will continue to incur, legal expenses and attorneys' fees.  PLAINTIFF, on behalf of herself, and on behalf of the Class Members, is presently unaware of the precise amount of these fees and expenses and prays for leave of this Court to amend the Complaint when the amounts are fully known.  Pursuant to California Labor Code sections 1194 and California Code of Civil Procedure section 1021.5, PLAINTIFF and Class Members are entitled to recover attorneys' fees, expenses, and costs according to proof.

## **PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFF prays as follows:

1.     That the Court determine that Causes of Action One through Seven may be maintained as a Class Action;

2.     For the attorneys appearing in the above caption to be named as Class Counsel;

3.     With respect to the First through Fourth Causes of Action:

a.   For damages, including all wages due and owing;

b.   For liquidated damages;

c.   For interest thereon from the date such amounts were due;

d.   For an award of costs of suit and reasonable attorney fees.

4.     With respect to the Fifth Cause of Action:

Sutton Hague
Law Corporation, P.C.
5200 N. Palm Ave.
Suite 203
Fresno, CA 93704

23

PLAINTIFF'S COMPLAINT FOR DAMAGES

a.  For penalties as authorized by California Labor Code section 226(e);

b.  For injunctive relief pursuant to California Labor Code section 226(h);

c.  For an award of costs of suit and reasonable attorney fees.

5.  With respect to the Sixth Cause of Action:

a.  For penalties as authorized by California Labor Code section 203(a);

b.  For an award of costs of suit and reasonable attorney fees.

6.  With respect to the Seventh Cause of Action:

a.  For an accounting, under administration of Plaintiff and/or the receiver and subject to Court review, to determine the amount to be returned by Defendant, and the amounts to be refunded to members of the classes who are owed monies by Defendant

b.  For an Order requiring Defendant to make full restitution and payment pursuant to California law;

c.  For an Order for preliminary and/or permanent injunction prohibiting Defendant from engaging in the acts complained of herein;

d.  For all other appropriate injunctive, declaratory and equitable relief;

e.  For interest to the extent permitted by law; and

f.  For an award of costs of suit and reasonable attorney fees incurred in the investigation, filing and prosecution of this action pursuant to California Code of Civil Procedure section 1021.5, California Business and Professions Code section 17200 *et. seq.*, California Labor Code section 1194 and/or any other applicable provision of law.

7.  For such other and further relief as the Court deems just and proper.

/ / /

/ / /

/ / /

/ / /

/ / /

Sutton Hague
Law Corporation, P.C.
5200 N. Palm Ave.
Suite 203
Fresno, CA 93704

24

PLAINTIFF'S COMPLAINT FOR DAMAGES

PLAINTIFF, on behalf of herself and all similarly situated Class Members, and on behalf of all aggrieved employees hereby demands trial by jury of Causes of Action One through Seven to the extent authorized by law.

Dated:  August 24, 2017                    SUTTON HAGUE LAW CORPORATION, P.C.

By:_____
        JARED HAGUE
        S. BRETT SUTTON
        ANTHONY GUZMAN
        Attorneys for Plaintiff
        ERICA SULLIVAN

Sutton Hague
Law Corporation, P.C.
5200 N. Palm Ave.
Suite 203
Fresno, CA 93704

25

PLAINTIFF'S COMPLAINT FOR DAMAGES

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:** SOFTPATH SYSTEM, LLC, A Georgia
*(AVISO AL DEMANDADO):* Limited Liability Company; ABBOTT
LABORATORIES, An Illinois Corporation; and Does 1
through 50, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:** ERICA SULLIVAN, as an
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):* individual and on
behalf of all others similarly situated,

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Solano Superior Court
600 Union Ave.
600 Union Ave.
Fairfield, CA 94533

CASE NUMBER:
*(Número del Caso):*
FCS049482

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
S. Brett Sutton   143107                          (559)325-0500   (559)981-1217
Jared Hague 251517
Sutton Hague Law Corporation, P.C.
Fresno, CA 93704

DATE:        AUG 2 5 2017.        Clerk, by _____ J. Abueg _____, Deputy
*(Fecha)*                         *(Secretario)*                *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

| [SEAL] | 1. ☐ as an individual defendant. |
|---|---|
| | 2. ☐ as the person sued under the fictitious name of *(specify):* |
| | 3. ☐ on behalf of *(specify):* |
| | under: ☐ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor) |
| | ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee) |
| | ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person) |
| | ☐ other *(specify):* |
| | 4. ☐ by personal delivery on *(date):*        Page 1 of 1 |

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Legal
Solutions
& Plus

Code of Civil Procedure §§ 412.20, 465



**SUPERIOR COURT OF CALIFORNIA**
**COUNTY OF SOLANO**

**CIVIL DIVISION**

☑ OLD SOLANO COURTHOUSE
580 Texas Street
Fairfield, CA 94533
(707) 207-7330

☐ HALL OF JUSTICE
600 Union Avenue
Fairfield, CA 94533
(707) 207-7330

---

Plaintiff(s):   ERICA SULLIVAN

Case No.   FCS049482

**NOTICE OF CASE MANAGEMENT CONFERENCE ONE**
**AND**
**NOTICE OF ASSIGNMENT OF JUDGE FOR ALL PURPOSES**

Defendant(s):  SOFTPATH SYSTEM, LLC

---

**PURSUANT TO LOCAL RULES AND BY ORDER OF THIS COURT, THIS MATTER HAS BEEN CALENDARED FOR CASE MANAGEMENT CONFERENCE ONE:**

**Date:** DECEMBER 12, 2017        **Time:** 8:30 a.m.

**THIS MATTER HAS BEEN ASSIGNED FOR ALL PURPOSES TO:**

Judge Paul L. Beeman, Department 1

**ALL HEARINGS WILL BE HELD AT:** 580 Texas Street, Fairfield, California 94533

---

The obligations of counsel, or any party not represented by an attorney, in regard to Case Management Conference One and any Case Management Conference Two set by the court are as follows:

1.    Service of the complaint must be within sixty (60) calendar days of the date of filing.

2.    Service and filing of any responsive pleadings must be within thirty (30) days after service of the complaint. The time for filing responsive pleadings may not be extended except as authorized by law. Appearance at the Case Management Conference does not excuse a litigant from the requirement of filing and serving a responsive pleading within this deadline.

3.    Plaintiff shall serve a copy of this *Notice of Case Management Conference One and Notice of Assignment of Judge for All Purposes ("Notice of CMC One")* on all defendants with the complaint.

4.    Any party serving a cross-complaint shall serve a copy of this *Notice of CMC One* on each cross-defendant with the cross-complaint.

5.    Any cross-complaint served after Case Management Conference One has been held shall have a *Notice of Case Management Conference Two* served with it.

6.    At least thirty days before the date set for Case Management Conference One, all counsel and self-represented parties shall comply with the meet and confer obligations of California Rules of Court, rule 3.724.

7.    A *Case Management Statement* (Judicial Council form CM-110) shall be filed with the court and served on all parties by each counsel by the 15th calendar day before the date set for Case Management Conference One.

8.    At least one party demanding a jury on each side of a civil case must pay a nonrefundable fee of $150.00 on or before the initial case management conference or as otherwise provided by statute.

---

**NOTICE OF CMC ONE AND NOTICE OF ASSIGNMENT OF JUDGE**

9.     At Case Management Conference One the court shall inform counsel and self-represented parties of the date, time and place for Case Management Conference Two and shall make any orders regarding what is expected that counsel and self-represented parties will accomplish in regard to the case before the filing of the Case Management Statement for Case Management Conference Two.

10.    Each counsel shall complete, file, and serve on all parties a completed Case Management Statement by the 15th calendar day before the date set for Case Management Conference Two.

11.    At any Case Management Conference, counsel shall be completely aware of all procedural, factual, and legal aspects of the case, and have full authority to discuss and resolve any issues that arise at the conference, including settlement of the case. This applies equally to both attorneys of record and specially-appearing counsel.

12.    The court may impose sanctions pursuant to Solano County Local Rules, rule 4.6, in the event that a Case Management Statement is not timely filed and/or served, or is not fully completed, or the requirements of Rule 4.6 are not met.

---

COUNSEL AND SELF-REPRESENTED PARTIES ARE OBLIGATED TO REVIEW AND COMPLY WITH LOCAL AND STATEWIDE RULES REGARDING CIVIL LITIGATION. They are available at:
*http://www.courts.ca.gov/rules.htm*
*http://www.solano.courts.ca.gov/LocalRulesofCourt.html*

---

### AFFIDAVIT OF SERVICE

I, the undersigned, declare under penalty of perjury that I am employed as a deputy clerk of the above-entitled court and not a party to the within-entitled action, and that I served this notice as follows:

☑   I personally served the person named below on (*date*):_____ AUGUST 25, 2017 _____ at
    (*time*)_____ 12:24 PM _____.

Name: _____ GINA SILVA _____

        ☐ Party     ☐ Attorney of Record     ☑ Representative

---

I,_____ GINA SILVA _____, acknowledge receipt of a copy of this *Notice of Case Management Conference One and Notice of Assignment of Judge for All Purposes.*

Date: ____ AUGUST 25, 2017 ____     _____
                                              Signature

---

☐   I caused to be placed a true copy of this notice in an envelope which was then sealed and postage fully prepaid on the date shown below; that I am readily familiar with the business practice for collection and processing of correspondence for mailing with the United States Postal Service; that the above stated document will be deposited in the Superior Court of California, County of Solano's outgoing mailbox for collection by county mail carriers on the date indicated.  Said envelope was addressed to the attorneys for the parties, or the parties, as shown below:

☐ See attached for additional service addresses

Date:  AUGUST 25, 2017            Clerk of the Court
                                  Superior Court of California, County of Solano

                                                    J. Abueg
                                  By: _____
                                                  Deputy Clerk

---

**NOTICE OF CMC ONE AND NOTICE OF ASSIGNMENT OF JUDGE**

**Helpful Early Neutral Case Evaluation Program:**

The Helpful Early Neutral Case Evaluation Program provides an opportunity for litigants to resolve their conflict at the early stages of their case. Litigants meet with a neutral evaluator, who as an experienced attorney with subject matter experience that relates to the specific case type, assists the litigants to reach a mutual resolution to their case.

The Helpful Early Neutral Case Evaluation Program may be appropriate when the parties want to participate in a non-adversary procedure.



**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SOLANO**

**CIVIL MEDIATION CENTER**



*DEDICATED TO PROVIDING ACCESS TO FAIR AND IMPARTIAL JUSTICE FOR ALL*

Civil Mediation Center
Old Courthouse
580 Texas St.
Fairfield, CA 94533
(707) 207-7413
FAX (707) 425-4996

## Alternative Dispute Resolution

## Introduction

Alternative Dispute Resolution (ADR) is a general term for a wide variety of dispute resolution processes that are alternative to litigation.  Types of ADR processes include mediation, arbitration and settlement conferences, among other forms.

## Advantages of ADR

ADR can have a number of advantages.

- ADR can save time.  A dispute can be resolved in a matter of months, even weeks, while litigation can take years.

- ADR can save money.  Attorney fees, court costs and expert fees can be reduced.

- ADR invites more participation.  Parties have more chances to express their interest and concerns instead of focusing exclusively on legal rights.

- ADR allows more control and flexibility.  Parties can choose the ADR process that is most likely to bring a satisfactory resolution to their dispute.

- ADR can reduce stress.  ADR encourages cooperation and communication, while discouraging the adversarial atmosphere of litigation.

- ADR can be more satisfying.  For all the above reasons, many people have reported a high degree of satisfaction with ADR.

## Main Form of ADR Offered by the Court

## Mediation

Mediation is an informal, confidential process in which a neutral person (the mediator) assists the parties in understanding their own interests, the interests of the other parties, and the  practical and legal realities of their dispute.  The mediator helps each side to explore options and arrive at a mutual acceptable resolution.  The mediator does not decide the dispute, the parties do.

Mediation may be appropriate when:  The parties want a non-adversary procedure; the parties have a continuing business or personal relationship; communication problems are interfering with a resolution; there is an emotional element involved; the parties are interested in an injunction, consent decree, or other form of equitable relief.

## Arbitration

Arbitration is normally an informal process in which a neutral person (the arbitrator) decides the dispute after hearing the evidence and arguments of the parties.  The parties can agree to binding or non-binding arbitration.  Binding arbitration is designed to give each side a resolution of their dispute when they cannot agree between themselves or with a mediator.  If the arbitration is non-binding, any party can reject the arbitrator's decision and request a trial.

Arbitration may be appropriate when: the action is for personal injury, property damage, breach of contract; when only monetary damage is sought; witness testimony under oath is desired; an advisory opinion is sought from an experienced litigator (if non-binding arbitration)

Local Form 3905
March 7, 2011
mod April 25, 2012

# SUPERIOR COURT OF CALIFORNIA
## COUNTY OF SOLANO

| | |
|---|---|
| **CASE NAME:** <br><br> _____ <br> **Plaintiff** <br><br> _____ <br> **Defendant** | **For Court Use Only:** |
| **STIPULATION AND ORDER - ALTERNATIVE DISPUTE RESOLUTION** | Case Number: |

**The parties and their attorneys stipulate that all claims in this action shall be submitted to:**

☐ Mediation
      ☐ No Fee Mediation      ☐ Civil Action Mediation Program (CAMP)
      ☐ Pro Bono                   CCP § 1775 et seq.
          ☐ Declaration RE: No Fee/Pro Bono request attached

☐ Arbitration
      ☐ Binding                ☐ HENCE-Helpful Early Neutral Case
      ☐ Non-Binding           Evaluation

                               ☐ Other ADR Stipulations attached

Dated: _____      Dated: _____

_____    _____
Name of Plaintiff                    Name of Defendant

_____    _____
Signature                          Signature

_____    _____
Name of Plaintiff's Attorney          Name of Defendant's Attorney

_____    _____
Signature                          Signature

**It is so ordered.**
It is also ordered _____

_____

Dated: _____      _____
                                 **Judge of the Superior Court**



**SOLANO COUNTY SUPERIOR COURT**
**ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION**

---

The judges of the Civil Division agree that parties should consider using Alternative Dispute Resolution (ADR) to settle their cases.  To tell the court you will use ADR:
●Choose ADR on the Case Management Statement (CM-110) or
●File a Stipulation and Order - ADR or
●Agree to ADR at your first court appearance

Questions?  Call (707) 207-7413 or go to ***www.solano.courts.ca.gov/adr***

---

The following information about the ADR Programs available at the Solano Court is provided in addition to the information in the "Civil Mediation" brochure:

**<u>Pro Bono Mediation Program</u>:**

The Pro Bono Mediation panelists are the same mediators on the listing of mediators who provide their services without cost when ordered by the judge.

Request Pro Bono Mediation by entering the program name on the Case Management Statement or on the Stipulation and Order – ADR (Alternative Dispute Resolution). Attach a declaration to the Stipulation and Order – ADR describing why mediation services should be provided without costs to the parties.

**<u>Private Mediation and Arbitration</u>:**

Parties may select a mediator or arbitrator of their choice including someone not on the listings maintained by the court.  If a private mediator, arbitrator or evaluator is selected who is not on the court maintained listing, your selection must be approved by the court.

**<u>Fees</u>:**

The court requires the fees for ADR to be split equally by the parties at the rate set by the mediator/arbitrator/evaluator unless otherwise ordered by the court.  Fees are usually charged on an hourly basis.  The court offers "no fee" mediation to parties who cannot afford to pay for mediation.  A party may request "no fee mediation" at the Case Management Conference or by filing a "Stipulation and Order – Alternative Dispute Resolution" and attaching a declaration stating why mediation services should be provided at no cost to the parties.

**JURY TRIAL DEMANDED**

Plaintiff ERICA SULLIVAN ("PLAINTIFF"), as an individual and on behalf of all similarly-situated current and former employees, alleges against Defendants SOFTPATH SYSTEM, LLC, A Georgia Limited Liability Company; ABBOTT LABORATORIES, An Illinois Corporation (collectively "DEFENDANT"), and Does 1 through 50, inclusive as follows:

**GENERAL ALLEGATIONS**

**A.      THE PARTIES**

1.      PLAINTIFF is a former non-exempt employee of defendant SOFTPATH SYSTEMS, LLC who, at all times relevant herein, was residing in Solano County, California. During PLAINTIFF's employment with defendant SOFTPATH SYSTEMS, LLC, PLAINTIFF was assigned to work for defendant ABBOTT LABORATORIES as a temporary employee.

2.      PLAINTIFF is informed and believes, and thereon alleges that, at all times relevant herein, defendant SOFTPATH SYSTEMS, LLC is and/or was a Georgia limited liability company with employees in Solano County, California.

3.      PLAINTIFF is informed and believes, and thereon alleges that, at all times relevant herein, defendant ABBOTT LABORATORIES is and/or was an Illinois corporation with employees in Solano County, California.

4.      PLAINTIFF is unaware of the true names and/or capacities, whether individual, partnership, limited partnership, corporate, or otherwise, of the Defendants sued herein as DOES 1 through 50, inclusive, and each of them, and therefore sues such Defendants by such fictitious names pursuant to Code of Civil Procedure section 474.  PLAINTIFF is informed and believes, and thereon alleges, that each of the Defendants sued herein, including DOES 1 through 50, inclusive, is and was proximately the cause of or contributed to cause the damages hereinafter alleged, or in some other manner is responsible in whole or in part for the damages which have been, are being, and will be suffered by PLAINTIFF as alleged herein.  When the true names and/or capacities of the Defendants are ascertained, PLAINTIFF will seek leave to amend this Complaint to insert the same herein with appropriate charging allegations.

/ / /

Sutton Hague
Law Corporation, P.C.
5200 N. Palm Ave.
Suite 203
Fresno, CA 93704

2

PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES

S. BRETT SUTTON SBN 143107
JARED HAGUE SBN 251517
ANTHONY E. GUZMAN II SBN 311580
SUTTON HAGUE LAW CORPORATION, P.C.
5200 N. Palm Avenue, Suite 203
Fresno, California 93704
Telephone:  (559) 325-0500
Facsimile:  (559) 981-1217



ENDORSED FILED
Clerk of the Superior Court

SEP 07 2017

By K. COWGILL
DEPUTY CLERK

Attorneys for Plaintiff:
ERICA SULLIVAN, as an individual and on behalf of all others similarly situated

## SUPERIOR COURT OF CALIFORNIA

## COUNTY OF SOLANO

\* \* \*

| | |
|---|---|
| ERICA SULLIVAN, as an individual and on behalf of all others similarly situated, | Case No. FCS049482 |
| Plaintiff, | **PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES FOR:** |
| vs. | <u>**CLASS ACTION PURSUANT TO CAL. CODE OF CIV. PROC. § 382**</u> |
| SOFTPATH SYSTEM, LLC, A Georgia Limited Liability Company; ABBOTT LABORATORIES, An Illinois Corporation; and Does 1 through 50, inclusive, | **(1) Failure To Pay Minimum Wages In Violation Of Labor Code §§ 1197, 1194 & 1194.2;** |
| Defendants. | **(2) Failure To Pay Overtime In Violation Of Labor Code § 510;** |
| | **(3) Failure To Provide All Mandated Meal Periods Or Additional Wages In Lieu Thereof;** |
| | **(4) Failure To Provide All Mandated Rest Periods Or Additional Wages In Lieu Thereof;** |
| | **(5) Failure To Issue Accurate Wage Statements In Violation Of Labor Code § 226;** |
| | **(6) Failure To Timely Pay Wages Due At Termination In Violation Of Labor Code §§ 201, 202, & 203;** |
| | **(7) Unfair Competition (Bus. & Prof. Code § 17200)** |
| | **(8) Failure To Reimburse Business-Related Expenses In Violation Of Labor Code § 2802;** |

Sutton Hague
Law Corporation, P.C.
5200 N. Palm Ave.
Suite 203
Fresno, CA 93704

1

BY FAX

PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES

5.      PLAINTIFF is informed and believes and thereon alleges that DEFENDANT and each of the DOE Defendants, were acting at all relevant times herein, as the agent, ostensible agent, joint-venturer, joint-employer, servant, employee, co-conspirator and/or associate of each of the other Defendants, and were at all times acting within the course and scope of said agency, servitude, employment, joint-venture, association, and/or conspiracy and with the permission and consent of the other Defendants.

6.      PLAINTIFF is informed and believes, and thereon alleges, that, at all times relevant herein, the above DEFENDANT and/or each of its managing agents and supervisors aided, abetted, condoned, permitted, approved, authorized, and/or ratified the unlawful acts described herein.

7.      PLAINTIFF is informed and believes, and thereon alleges that, at all times relevant herein, the various acts and representations of DEFENDANT, including each of the DOE Defendants, and each agent or representative of DEFENDANT, were the result of, and in furtherance of, an agreement whereby the DEFENDANT and each agent or representative of the DEFENDANT knowingly conspired to engage in the acts described herein, including, but not limited to, DEFENDANT's violation of the California Labor Code.

8.      PLAINTIFF brings Causes of Action ONE through EIGHT on behalf of herself and all other similarly situated current and former California employees of DEFENDANT as a class action pursuant to California Code of Civil Procedure section 382.  PLAINTIFF seeks to represent a class and/or subclasses composed of and defined as follows:

Class 1

All current and former non-exempt employees of DEFENDANT who performed work for DEFENDANT in California at any time within four (4) years preceding the filing of this action.

Subclass A ("First Meal Period Sub-Class")

All current and former non-exempt employees of DEFENDANT who performed work for DEFENDANT in California and who worked more

Sutton Hague
Law Corporation, P.C.
5200 N. Palm Ave.
Suite 203
Fresno, CA 93704

3

PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES

than five (5) hours in a work day at any time within four (4) years preceding the filing of this action.

Subclass B ("Second Meal Period Sub-Class")

All current and former non-exempt employees of DEFENDANT who performed work for DEFENDANT in California and who worked more than ten (10) hours in a work day at any time within four (4) years preceding the filing of this action.

Subclass C ("Rest Period Sub-Class")

All current and former non-exempt employees of DEFENDANT who performed work for DEFENDANT in California and who worked three and one-half (3 1/2) or more hours in a work day at any time within four (4) years preceding the filing of this action.

Subclass D ("Minimum Wage Sub-Class")

All current and former non-exempt employees of DEFENDANT in California who performed work for DEFENDANT in California and who were required to work for DEFENDANT, or whom DEFENDANT permitted or suffered to work, during their meal periods, or at times otherwise off-the-clock, without compensation at any time within four (4) years preceding the filing of this action.

Subclass E ("Overtime Wage Sub-Class")

All current and former non-exempt employees of DEFENDANT in California who were required to work overtime hours for DEFENDANT, or whom DEFENDANT permitted or suffered to work overtime hours, without overtime compensation as required by Labor Code section 510 and Wage Order 1 and/or any other applicable wage order at any time within four (4) years preceding the filing of this action.

Subclass F ("Waiting Time Penalty Sub-Class")

Sutton Hague
Law Corporation, P.C.
5200 N. Palm Ave.
Suite 203
Fresno, CA 93704

4

1  All former non-exempt employees of DEFENDANT in California within

2  three (3) years preceding the filing of this action.

3  Class 2

4  All current and former employees of DEFENDANT who performed work for

5  DEFENDANT in California.

6  Subclass A ("Wage Statement Sub-Class")

7  All current and former employees of DEFENDANT who performed work

8  for DEFENDANT in California and who was entitled to received a wage

9  statement subject to the requirements of Labor Code section 226(a) at any

10  time within one (1) year preceding the filing of this action.

11  Subclass B ("Reimbursement Sub-Class")

12  All current and former employees of DEFENDANT who performed work

13  for DEFENDANT in California and who incurred necessary expenditures

14  and/or losses directly caused by the discharge of their duties at any time

15  within four (4) years preceding the filing of this action.

16  9.  These individuals shall hereinafter be referred to collectively as the "Class

17  Members."

18  10.  PLAINTIFF reserves the right under California Rules of Court Rule 3.765(b) to

19  amend or modify the class description with greater specificity or further division into subclasses

20  or limitation to particular issues.

21  **B.  THE ACTION**

22  11.  This action is brought, in part, to remedy the following:

23  (a)  DEFENDANT's failure to pay PLAINTIFF and the Class Members the

24  minimum, overtime and double time in accordance with California law by;

25  (b)  DEFENDANT's failure to provide PLAINTIFF and the Class Members

26  with a reasonable opportunity to take a net thirty-minute, duty-free meal

27  period for each workday during which such employees worked more than

28  five hours, or a second meal period for each workday during which such

Sutton Hague
Law Corporation, P.C.
5200 N. Palm Ave.
Suite 203
Fresno, CA 93704

5

employees worked more than ten hours, as mandated by California law, or to pay such employees one (1) hour of additional wages at the employees' regular rate of compensation for each workday for which the duty-free meal period was and/or is not provided, as required by California Labor Code sections 226.7 and 512 and Industrial Welfare Commission Wage Order 1 and/or any other applicable Wage Order;

(c) DEFENDANT's failure to provide PLAINTIFF and the Class Members with a reasonable opportunity to take a paid net ten-minute, duty-free rest period per four hours worked or major fraction thereof, as mandated by California law, or to pay such employees one (1) hour of additional wages at the employees' regular rate of compensation for each workday for which the duty-free rest period was and/or is not provided, as required by Industrial Welfare Commission Wage Order 1 and/or any other applicable Wage Order;

(d) DEFENDANT's failure to issue accurate, itemized wage statements to PLAINTIFF and the Class Members in accordance with California law;

(e) DEFENDANT's failure to pay Class Members all wages due and owing upon the termination of employment with DEFENDANT;

(f) DEFENDANT's engagement in unfair business practices against PLAINTIFF and the Class Members.

(g) DEFENDANT's failure to reimburse PLAINTIFFS and the California Class Members for all necessary expenditures and losses directly caused by the discharge of their duties; and,

## C. **VENUE**

12. Venue is proper in this county because, among other reasons, certain of the violations of the California Labor Code were committed in Solano County and DEFENDANT's conduct business in Solano County and the majority of the events and conduct complained of herein occurred in Solano County. The unlawful acts alleged have a direct effect on PLAINTIFF

Sutton Hague
Law Corporation, P.C.
5200 N. Palm Ave.
Suite 203
Fresno, CA 93704

6

and other Class Members.  PLAINTIFF and the Class Members will continue to suffer the same harm as PLAINTIFF as a result of DEFENDANT's wrongful conduct unless the relief requested herein is granted.

13.     PLAINTIFF is informed and believes, and thereon alleges, that during the four-year period preceding the filing of this class action, no other class action has been filed asserting the same or similar factual allegations against DEFENDANT on behalf of the same or similar Class Members. PLAINTIFF has conducted a review of wage and hour class actions filed against DEFENDANT; none of those class actions assert the claims under California law alleged herein.

**D.     CLASS ACTION ALLEGATIONS**

14.     Causes of Action One through Eight have been brought and properly may be maintained as a class action under the provisions of section 382 of the California Code of Civil Procedure because: a) there is a well-defined community of interest in the litigation; and b) the proposed class is easily ascertainable.

*Numerosity*

15.     The potential members of the class as defined are so numerous that joinder of all members of the class is impracticable. PLAINTIFF is informed and believes, and thereon alleges that, at all times mentioned herein, PLAINTIFF and the Class Members are or have been affected by DEFENDANT and DOES 1-50's unlawful practices as alleged herein.

16.     Accounting for employee turnover during the relevant period covered by this action necessarily and substantially increases the number of employees covered by this action. PLAINTIFF is informed and believes, and thereon alleges, that DEFENDANT and DOES 1-50's employment records would provide information as to the actual number and location of all Class Members.  Joinder of all members of the proposed class is not practicable.

*Commonality*

17.     There are questions of law and fact common to the class predominating over any questions affecting only individual Class Members.  These common questions of law and fact include, without limitation:

Sutton Hague
Law Corporation, P.C.
5200 N. Palm Ave.
Suite 203
Fresno, CA 93704

7

PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES

a.   Whether DEFENDANT violated the California Labor Code and Industrial Welfare Commission Wage Orders by failing to pay minimum wage, overtime, and double time wages to PLAINTIFF and the Class Members;

b.   Whether DEFENDANT violated California Labor Code sections 226.7 and 512 and Industrial Welfare Commission Wage Order 1 and/or any other applicable Wage Order by failing to provide PLAINTIFF and the Class Members with a thirty-minute, duty-free meal period for each workday during which such employees worked more than five hours, or a second meal period for each workday during which such employees worked more than ten hours, or by paying such employees one (1) hour of additional wages at the employees' regular rate of compensation;

c.   Whether DEFENDANT violated Industrial Welfare Commission Wage Order 1 and/or any other applicable Wage Order by failing to permit PLAINTIFF and the Class Members to take a paid net ten-minute, duty-free rest period per four hours worked or major fraction thereof or to pay such employees one (1) hour of additional wages at the employees' regular rate of compensation for each workday for which a rest period was and/or is not provided;

d.   Whether DEFENDANT violated California Labor Code section 226 by failing to issue accurate, itemized wage statements to PLAINTIFF and the Class Members;

e.   Whether DEFENDANT violated California Labor Code sections 20l, 202 and 203 by failing to pay all wages due and owing at the time that any Class Member's employment with DEFENDANT and/or DOES 1-50 ended, whether voluntarily or involuntarily;

f.   Whether DEFENDANT violated California Business and Professions Code section 17200 *et seq.* and engaged in unlawful, unfair, and deceptive business practices by violating California Labor Code sections 201, 202, 203, 226, 226.7, 510, 512, 1194, 1194.2 and Industrial Welfare Commission Wage Order 1 and/or any other applicable Wage Order and failing to: (1) pay minimum, overtime, and

Sutton Hague
Law Corporation, P.C.
5200 N. Palm Ave.
Suite 203
Fresno, CA 93704

8

double time to the Class Members; (2) permit the Class Members to take a net thirty-minute, duty-free first and/or second meal period when they worked more than 5 and 10 hours in a workday and/or pay such employees additional wages as required by California law; (3) permit the Class Members to take a paid net ten-minute, duty-free rest period for every four hours of work or major fraction thereof and/or pay such employees additional wages as required by California law; (4) issue mandated accurate, itemized wage statements; and (5) pay all owed wages at the time that any Class Member's employment with DEFENDANTS ended, whether voluntarily or involuntarily; and

g.   Whether PLAINTIFF and the Class Members are entitled to equitable relief pursuant to California Business and Professions Code section 17200 *et seq.*

h.   Whether DEFENDANT violated California Labor Code section 2802(a) by failing to reimburse PLAINTIFFS and the Class Members for expenditures and losses necessarily incurred in the direct discharge of their duties;

### *Typicality*

18.   The claims of the named PLAINTIFF are typical of the claims of the class. PLAINTIFF and all members of the class sustained injuries and damages arising out of, and caused by, DEFENDANT and DOES 1-50's common course of conduct in violation of California laws, regulations, and statutes as alleged herein.

### *Adequacy of Representation*

19.   PLAINTIFF will fairly and adequately represent and protect the interests of the members of the class.  Counsel who represents PLAINTIFF is competent and experienced in litigating wage and hour class actions and California Business and Professions Code section 17200 *et seq.* cases.

### *Superiority of Class Action*

20.   A class action is superior to other available means for the fair and efficient adjudication of this controversy.  Individual joinder of all Class Members is not practicable, and questions of law and fact common to the class predominate over any questions affecting only

Sutton Hague
Law Corporation, P.C.
5200 N. Palm Ave.
Suite 203
Fresno, CA 93704

9

PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES

1   individual members of the Class.  Each member of the Class has been damaged and is entitled to

2   recovery as a result of DEFENDANT's and DOES 1-50's unlawful policies and practices alleged

3   in this Complaint.

4          21.     Class action treatment will allow those similarly situated persons to litigate their

5   claims in the manner that is most efficient and economical for the parties and the judicial system.

6   PLAINTIFF is unaware of any difficulties likely to be encountered in the management of this

7   action that would preclude its maintenance as a class action.

8                              **BACKGROUND ALLEGATIONS**

9          1.     PLAINTIFF is a former non-exempt employee of defendant SOFTPATH

10  SYSTEMS, LLC who, at all times relevant herein, was residing in Solano County, California.

11  During PLAINTIFF's employment with defendant SOFTPATH SYSTEMS, LLC, PLAINTIFF

12  was assigned to work for defendant ABBOTT LABORATORIES as a temporary employee.

13         2.     PLAINTIFF is informed and believes, and thereon alleges, that defendant

14  SOFTPATH SYSTEMS, LLC was, at all relevant times herein, engaged in the business of

15  providing temporary employees.

16         3.     PLAINTIFF is informed and believes, and thereon alleges, that defendant

17  ABBOTT LABORATORIES was, at all relevant times herein, engaged in the business of

18  manufacturing and packaging nutritional products.

19         4.     PLAINTIFF is informed and believes, and thereon alleges, that at all times

20  mentioned herein, DEFENDANT had statutory obligations to pay PLAINTIFF and all other

21  similarly situated Class Members minimum, overtime, and double time wages according to

22  California law.

23         5.     PLAINTIFF is further informed and believes, and thereon alleges, that at all times

24  mentioned herein, DEFENDANT had statutory obligations to provide PLAINTIFF and all other

25  similarly situated Class Members a net thirty-minute, duty-free meal period during any workday

26  during which such employee worked more than five hours, and a second meal period during any

27  workday during which such employees worked more than ten hours and/or pay such employees

28  additional wages.

Sutton Hague
Law Corporation, P.C.
5200 N. Palm Ave.
Suite 203
Fresno, CA 93704

10

PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES

6.      PLAINTIFF is further informed and believes, and thereon alleges, that at all times mentioned herein, DEFENDANT had statutory obligations to permit PLAINTIFF and all other similarly situated Class Members to take a paid net ten-minute, duty-free rest period per four hours worked or major fraction thereof and/or pay such employees additional wages.

7.      PLAINTIFF is further informed and believes, and thereon alleges, that at all times mentioned herein, DEFENDANT had statutory obligations to issue to PLAINTIFF and all other similarly situated Class Members wage statements compliant with Labor Code section 226.

8.      PLAINTIFF is further informed and believes, and thereon alleges, that at all times mentioned herein, DEFENDANT had statutory obligations to pay Class Members all wages earned upon termination of employment.

9.      However, PLAINTIFF is informed and believes, and thereon alleges, that DEFENDANT improperly, and in violation of California law, failed to pay minimum, overtime, and double time wages by, among other things, failing to compensate PLAINTIFF and other similarly situated Class Members for all hours worked, and thereby causing underpayment of minimum wages and overtime wage premiums, in addition to failing to properly calculate the regular rate of pay by excluding non-discretionary bonus amounts, and all amounts earned during that applicable workweek, in the regular rate calculation.

10.     PLAINTIFF is informed and believes, and thereon alleges, that DEFENDANT improperly, and in violation of California law, failed to provide a net thirty-minute, duty-free meal period for employees who worked more than five hours in a workday, failed to provide a second net thirty-minute, duty-free meal period for employees who worked more than ten hours in a workday, and/or failed to pay such employees one (1) hour of additional wages at the employees' regular rate of compensation for each workday for which a meal period was not provided by, among other things, establishing and carrying out policies through its managing agents and supervisors that violated California Labor Code sections 226.7 and 512 and Industrial Welfare Commission Wage Order 1 and/or any other applicable Wage Order that requires DEFENDANT to provide meal periods to PLAINTIFF and other similarly situated Class Members.

Sutton Hague
Law Corporation, P.C.
5200 N. Palm Ave.
Suite 203
Fresno, CA 93704

11

PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES

11.     PLAINTIFF is informed and believes, and thereon alleges, that DEFENDANT improperly, and in violation of California law, failed to authorize and permit a paid net ten-minute, duty-free rest period for employees per four hours worked or major fraction thereof and/or failed to pay such employees one (1) hour of additional wages at the employees' regular rate of compensation for each workday for which a rest break was not provided by, among other things, establishing and carrying out policies through its managing agents and supervisors that violated California Labor Code section 226.7 and Industrial Welfare Commission Wage Order 1 and/or any other applicable Wage Order that requires DEFENDANT to provide rest breaks to PLAINTIFF and other similarly situated Class Members.

12.     PLAINTIFF is informed and believes, and thereon alleges, that DEFENDANT improperly, and in violation of California law, failed to allow outdoor employees to take recovery periods by, among other things, establishing and carrying out policies through its managing agents and supervisors that violated California Labor Code section 226.7 and Title 8 California Code of Regulations section 3395, which requires DEFENDANTS to allow PLAINTIFF and other similarly situated Class Members to take recovery breaks.

13.     PLAINTIFF is informed and believes, and thereon alleges, that DEFENDANT improperly, and in violation of California law, failed to issue accurate wage statements to PLAINTIFF and other similarly situated Class Members by, among other things and missing items, failing to account for all hours worked and wages earned, including failing to include payments of non-discretionary bonus amounts in the regular rate of pay calculation.

14.     PLAINTIFF is informed and believes, and thereon alleges, that DEFENDANT improperly, and in violation of California law, failed to pay Class Members all wages earned upon termination of employment by, among other things, failing to pay wages for all hours worked and failing to include payments of non-discretionary bonus amounts in the regular rate of pay calculation.

15.     As a result of the actions of DEFENDANT, PLAINTIFF and other similarly situated Class Members suffered damages, including lost pay, wages, and interest.

/ / /

Sutton Hague
Law Corporation, P.C.
5200 N. Palm Ave.
Suite 203
Fresno, CA 93704

12

PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES

16.     PLAINTIFF is informed and believes, and thereon alleges, that Class Members did not secret or absent themselves from DEFENDANT nor did they refuse to accept the earned but unpaid wages from DEFENDANT.  Accordingly, DEFENDANT is liable for waiting time penalties for the unpaid wages pursuant to Labor Code sections 201, 202, and 203 and section 20 of the applicable Industrial Welfare Commission Order.

## **FIRST CAUSE OF ACTION**

### **FAILURE TO PAY MINIMUM WAGES IN VIOLATION OF**

### **LABOR CODE §§ 1197, 1194, & 1194.2**

### **(PLAINTIFF, Individually and on Behalf of the Class Members, Against DEFENDANT and DOES 1 through 50)**

17.     All prior allegations are re-alleged and incorporated herein by this reference.

18.     DEFENDANT failed to pay PLAINTIFF and Class Members minimum wages for all hours worked.

19.     California Labor Code section 1197 provides that "[t]he minimum wage for employees fixed by the commission is the minimum wage to be paid to employees, and payment of less than the minimum so fixed is unlawful."

20.     The applicable minimum wage fixed by the commission for employees, such as Plaintiff and Class Members is found in section 4(A) of Industrial Welfare Commission Wage Order 1 and/or any other applicable Wage Order.

21.     The minimum wage provisions of the California Labor Code are enforceable by private action pursuant to California Labor Code section 1194(a), which states:

> Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit.

22.     As described in California Labor Code sections 1185 and 1194.2, any such action incorporates the applicable Wage Order of the Industrial Welfare Commission.

23.     California Labor Code section 1194.2 also provides for the following remedies:

Sutton Hague
Law Corporation, P.C.
5200 N. Palm Ave.
Suite 203
Fresno, CA 93704

13

PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES

> In any action under . . . Section 1194 to recover wages because of the payment of a wage less than the minimum wage fixed by an order of the commission, an employee shall be entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

24.     PLAINTIFF is informed and believes, and thereon alleges, that during all times mentioned herein DEFENDANT required, allowed, suffered, and/or permitted PLAINTIFF and Class Members to engage in, among other things, a variety of off the clock tasks related to donning and doffing their uniforms without being compensated at the applicable minimum wage in accordance with the provisions of California Labor Code sections 1197, 1194, and 1194.2, and Section 4 of the Industrial Welfare Commission Wage Order 1 and/or any other applicable Wage Order

25.     As such, PLAINTIFF, individually and on behalf of Class Members, may bring this action for minimum wages and overtime, interest, costs of suit, and attorneys' fees pursuant to California Labor Code section 1194(a).

26.     Wherefore, PLAINTIFF and the Class Members are entitled to recover liquidated damages in an amount equal to the minimum wages unlawfully unpaid, and interest thereon, pursuant to California Labor Code section 1194.2 and reasonable attorneys' fees, costs of suit, and penalties pursuant to section 1197.1.

## SECOND CAUSE OF ACTION

### FAILURE TO PAY OVERTIME IN VIOLATION OF LABOR CODE § 510

### (PLAINTIFF, Individually and on Behalf of the Class Members, Against DEFENDANTS and DOES 1 through 50)

27.     All prior allegations are re-alleged and incorporated herein by this reference.

28.     As a general matter, California Labor Code section 510, subsection (a) provides, in pertinent part, as follows:

> Eight hours of labor constitutes a day's work.  Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee.  Any work in excess of 12 hours in one day

Sutton Hague
Law Corporation, P.C.
5200 N. Palm Ave.
Suite 203
Fresno, CA 93704

14

shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee . . . .

29.     Modifying this standard, Section 3 of Industrial Welfare Commission Wage Order 1 and/or any other applicable Wage Order, provides, in pertinent part, as follows:

The following overtime provisions are applicable to employees 18 years of age or over and to employees 16 or 17 years of age who are not required by law to attend school and are not otherwise prohibited by law from engaging in the subject work.   Such employees shall not be employed more than ten (10) hours in any one workday or more than six (6) days in any workweek unless the employee receives one and one-half (1 ½) times such employee's regular rate of pay for all hours worked over ten (10) hours in any workday and for the first eight (8) hours on the seventh (7th) day of work and double the employee's regular rate of pay for all hours worked over eight (8) on the seventh (7th) day of working in the workweek.

*See* Cal. Admin. Code tit. 8, §11070(3)(A).

30.     PLAINTIFF is informed and believes, and thereon alleges, that during all times mentioned herein DEFENDANT required, allowed, suffered, and/or permitted PLAINTIFF and Class Members to work in excess of ten (10) hours in one work day or six (6) days per work week without being compensated at the applicable overtime rate of pay in accordance with the provisions of California Labor Code section 510 and Section 3 of the Industrial Welfare Commission Wage Order 1 and/or any other applicable Wage Order.

31.     In addition, PLAINTIFF is informed and believes, and thereon alleges, that DEFENDANT required, allowed, suffered, and/or permitted PLAINTIFF and Class Members to engage in, among other things, a variety of off the clock tasks related to donning and doffing their uniforms without separate hourly and therefore were subsequently not paid for all overtime or double time worked, at least a portion of which time was compensable to PLAINTIFF and Class Members at one-and-one-half or two times of PLAINTIFF and Class Members' regular rate of pay.

Sutton Hague
Law Corporation, P.C.
5200 N. Palm Ave.
Suite 203
Fresno, CA 93704

15

PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES

32.    In addition, PLAINTIFF, on behalf of herself and the Class Members, has incurred, and will continue to incur, attorneys' fees and costs.  PLAINTIFF, on behalf of herself and the Class Members, are presently unaware of the precise amount of these fees and costs and pray for leave of this Court to amend the Complaint when the amounts are fully known. Pursuant to California Labor Code sections 1194, PLAINTIFF and Class Members are entitled to recover attorneys' fees, expenses, and costs according to proof.

## THIRD CAUSE OF ACTION

### VIOLATION OF LABOR CODE §§ 226.7 AND 512

### (MEAL PERIODS)

### (PLAINTIFF, Individually and on Behalf of the Class Members, Against DEFENDANTS and DOES 1 through 50)

33.    All prior allegations are re-alleged and incorporated herein by this reference.

34.    California Labor Code section 512, subsection (a), provides, in pertinent part, as follows:

> An employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is not more than six hours. The meal period may be waived by mutual consent of both the employer and employee. An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

35.    Similarly, section 11 of Industrial Welfare Commission Wage Order 1 provides, in pertinent part, as follows:

> Every employer shall authorize and permit all employees after a work period of not more than five (5) hours to take a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal

Sutton Hague
Law Corporation, P.C.
5200 N. Palm Ave.
Suite 203
Fresno, CA 93704

16

1    period may be waived by mutual consent of the employer and the
     employee…

2    36.    California Labor Code section 226.7 provides, in pertinent part, as follows:

3          An employer shall not require an employee to work during any
4          meal or rest or recovery period mandated pursuant to an applicable
           statute, or applicable regulation, standard, or order of the Industrial
5          Welfare Commission, the Occupational Safety and Health
           Standards Board, or the Division of Occupational Safety and
6          Health.

7          If an employer fails to provide an employee a meal or rest or
8          recovery period in accordance with an with a state law, including,
           but not limited to, an applicable statute or applicable regulation,
9          standard, or order of the Industrial Welfare Commission, the
10         Occupational Safety and Health Standards Board, or the Division
           of Occupational Safety and Health, the employer shall pay the
11         employee one additional hour of pay at the employee's regular rate
           of compensation for each workday that the meal or rest or recovery
12         period is not provided.

13   37.    PLAINTIFF is informed and believes, and thereon alleges, that she and Class

14   Members systematically worked periods of more than five (5) hours in a workday without being

15   provided a mandated thirty-minute, duty-free meal while in the employ of DEFENDANT.

16   Specifically, PLAINTIFF is informed and believes, and thereon allege, that, at all times

17   mentioned herein, DEFENDANT maintained company policies that did not provide its

18   employees the opportunity to take meal periods during any given workday, including workdays

19   during which employees worked more than five (5) hours. PLAINTIFF is further informed and

20   believes, and thereon alleges, that DEFENDANT did not pay PLAINTIFF or any of the other

21   affected Class Members an additional one (1)-hour's wage at the regular rate of pay for each

22   meal period that was not provided as stated above.

23   38.    Accordingly, DEFENDANT violated California Labor Code sections 226.7 and

24   512 and section 11 of Industrial Welfare Commission Wage Order 1 and/or any other applicable

25   Wage Order by failing to provide a meal period for days on which non-exempt employees

26   work(ed) in excess of five hours and failing to pay one hour of additional wages in lieu of each

27   meal period not provided. DEFENDANT is liable for one hour of additional wages at each of the

28

Sutton Hague
Law Corporation, P.C.
5200 N. Palm Ave.
Suite 203
Fresno, CA 93704

17

PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES

affected Class Members' regular rate of compensation for each workday for which a meal period was not lawfully provided.

39.   As a result of the unlawful acts of DEFENDANT, PLAINTIFF and Class Members have been deprived of additional wages in amounts to be proven at trial and are entitled to recover such amounts, plus interest and penalties thereon, attorneys' fees, and costs of suit in addition to any other relief requested below.

<u>**FOURTH CAUSE OF ACTION**</u>

**VIOLATION OF LABOR CODE §§ 226.7 AND INDUSTRIAL WELFARE**

**COMMISSION WAGE ORDER 1**

**(REST PERIODS)**

**(PLAINTIFF, Individually and on Behalf of the Class Members, Against DEFENDANTS and DOES 1 through 50)**

40.   All prior allegations are re-alleged and incorporated herein by this reference..

41.   Section 12 of Industrial Welfare Commission Wage Order 1 provides, in pertinent part, as follows:

> Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period.  The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof….Authorized rest period time shall be counted as hours worked for which there shall be no deduction from wages.

42.   California Labor Code section 226.7 provides, in pertinent part, as follows:

> (b)    An employer shall not require an employee to work during any meal or rest or recovery period mandated pursuant to an applicable statute, or applicable regulation, standard, or order of the Industrial Welfare Commission, the Occupational Safety and Health Standards Board, or the Division of Occupational Safety and Health.

> (c)    If an employer fails to provide an employee a meal or rest or recovery period in accordance with an with a state law, including, but not limited to, an applicable statute or applicable regulation, standard, or order of the Industrial Welfare

Sutton Hague
Law Corporation, P.C.
5200 N. Palm Ave.
Suite 203
Fresno, CA 93704

18

Commission, the Occupational Safety and Health Standards Board, or the Division of Occupational Safety and Health, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each workday that the meal or rest or recovery period is not provided.

43.     PLAINTIFF is informed and believes, and thereon alleges, that she and Class Members systematically worked periods of more than 3 ½ hours in a workday without being provided a mandated paid ten-minute, duty-free compensated rest period while in the employ of DEFENDANT for every four hours worked or major fraction thereof. PLAINTIFF is informed and believes, and thereon alleges, that, at all times mentioned herein, DEFENDANT maintained company policies that did not permit its employees to take a compensated rest period for every four hours worked or major fraction thereof during any given workday including workdays during which their employees worked more than 3 ½ hours. PLAINTIFF is informed and believes, and thereon alleges, that she and Class Members were not provided with all of their daily rest periods while in the employ of DEFENDANT in accordance to California law. PLAINTIFF is further informed and believes, and thereon alleges, that DEFENDANT never paid PLAINTIFF or any of the other affected Class Members an additional one (1)-hour's wage for each rest period that was not provided as stated above.

44.     Accordingly, DEFENDANT violated California Labor Code section 226.7 and section 12 of Industrial Welfare Commission Wage Order 1 and/or any other applicable Wage Order by failing to provide their employees who worked more than 3 ½ hours in a workday with a rest period every four hours or major fraction thereof as required by California law and failing to pay one hour of additional wages in lieu of each rest period not provided. DEFENDANT is liable for one hour of additional wages at each of the affected Class Members' regular rate of compensation for each workday for which a rest period was not lawfully provided.

45.     As a result of the unlawful acts of DEFENDANT, PLAINTIFF and Class Members have been deprived of additional wages in amounts to be proven at trial and are entitled to recover such amounts, plus interest and penalties thereon, attorneys' fees, and costs of suit, in addition to any other relief requested below.

/ / /

Sutton Hague
Law Corporation, P.C.
5200 N. Palm Ave.
Suite 203
Fresno, CA 93704

19

PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES

**FIFTH CAUSE OF ACTION**

**FAILURE TO FURNISH ITEMIZED STATEMENTS OF WAGES**

**(PLAINTIFF, Individually and on Behalf of the Class Members, Against DEFENDANTS**

**and DOES 1 through 50)**

46.     All prior allegations are re-alleged and incorporated herein by this reference.

47.     DEFENDANT is required to maintain accurate records of, among other things, gross wages, total hours worked, all deductions, net wages earned, and all applicable hourly rates and the corresponding number of hours worked at each hourly rate for each pay period for PLAINTIFF and each of the Class Members.

48.     DEFENDANT was required to furnish such records to PLAINTIFF and Class Members semi-monthly or at the time of payment of wages and to properly itemize the paycheck as required by the California Labor Code, Industrial Welfare Commission Order, and the California Code of Regulations, including, but not limited to, California Labor Code section 226.

49.     PLAINTIFF is informed and believes, and on that basis alleges, that DEFENDANT failed to accurately maintain and furnish records of the wages earned by PLAINTIFF and Class Members.  Plaintiff is informed and believes that, as a result of the aforementioned practices alleged throughout this complaint, DEFENDANT failed to provide and possibly maintain accurate records of total hours worked, net wages and gross wages earned, address of the employer, deductions, and all applicable hourly rates and the corresponding number of hours worked at each hourly rate for each pay period for PLAINTIFF and each of the Class Members.

50.     As a direct and proximate result of DEFENDANT's failure to issue accurate, itemized wages statements to PLAINTIFF and Class Members, PLAINTIFF and Class Members suffered damage.

51.     PLAINTIFF and Class Members are, therefore, entitled to penalties pursuant to Labor Code section 226 along with interest on those penalties and attorneys' fees, as required by Labor Code section 226, in addition to the relief requested below.

/ / /

Sutton Hague
Law Corporation, P.C.
5200 N. Palm Ave.
Suite 203
Fresno, CA 93704

20

PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES

## SIXTH CAUSE OF ACTION

**FAILURE TO TIMELY PAY WAGES DUE AT TERMINATION IN VIOLATION OF**

**LABOR CODE §§ 201, 202, & 203**

**(PLAINTIFF, On Behalf of the Class Members, Against DEFENDANTS and DOES 1**

**through 50)**

52.    All prior allegations are re-alleged and incorporated herein by this reference.

53.    California Labor Code section 201 provides, in pertinent part:  "If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately . . ." Cal. Lab. Code § 201.

54.    California Labor Code section 202 provides, in pertinent part, as follows:

> If an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting. Notwithstanding any other provision of law, an employee who quits without providing a 72-hour notice shall be entitled to receive payment by mail if he or she so requests and designates a mailing address. The date of the mailing shall constitute the date of payment for purposes of the requirement to provide payment within 72 hours of the notice of quitting.

55.    California Labor Code section 203 provides, in pertinent part, as follows:

> If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202, and 205.5, any wages of an employee who is discharged or quit, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefore is commenced; but the wages shall not continue for more than 30 days.  An employee who secretes or absents herself or herself to avoid payment to her or her, or who refuses to receive the payment when fully tendered to her or her, including any penalty then accrued under this section, is not entitled to any benefit under this section for the time during which he or she so avoids payment. Suit may be filed for these penalties at any time before the expiration of the statue of limitations on an action for the wages from which the penalties arises.

/ / /

Sutton Hague
Law Corporation, P.C.
5200 N. Palm Ave.
Suite 203
Fresno, CA 93704

PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES

56.     PLAINTIFF is informed and believes, and on that basis alleges, that Class Members were terminated or have voluntarily left DEFENDANT's employ, and PLAINTIFF is informed and believes, and on that basis alleges, that they have not received compensation for all wages earned, including, but not limited to, minimum wages, overtime, and double time wages, owed in accordance with the provisions of California Labor Code sections 201, 202, and 203.

57.     PLAINTIFF is informed and believes, and on that basis alleges, that this failure by DEFENDANT to pay was willful and intentional.

58.     In addition, PLAINTIFF is informed and believes, and on that basis alleges, that since Class Members' termination from employment with DEFENDANT, DEFENDANT continually, failed to pay the minimum wage compensation that is due and owing, thereby entitling the Class Members to waiting time penalties for the unpaid wages owed pursuant to California Labor Code sections 201, 202, and 203.

59.     PLAINTIFF is informed and believes, and thereon alleges, that Class Members did not secret or absent themselves from DEFENDANT nor did they refuse to accept the earned and unpaid wages from DEFENDANT.  Accordingly, DEFENDANT is liable for waiting time penalties for the unpaid wages pursuant to California Labor Code sections 201, 202, and 203.

60.     In addition, PLAINTIFF, on behalf of the Class Members, has incurred, and will continue to incur, legal expenses, including costs.  PLAINTIFF, on behalf of the Class Members, is presently unaware of the precise amount of these fees and expenses and prays for leave of this Court to amend the Complaint when the amounts are fully known.  PLAINTIFF and Class Members are entitled to recover expenses, and costs according to proof.

## SEVENTH CAUSE OF ACTION

### VIOLATION OF UNFAIR COMPETITION LAW

### (BUSINESS AND PROFESSIONS CODE §17200, ET SEQ.)

### (PLAINTIFF, Individually and on Behalf of the Class Members, Against DEFENDANT and DOES 1 through 50)

61.     All prior allegations are re-alleged and incorporated herein by this reference.

/ / /

Sutton Hague
Law Corporation, P.C.
5200 N. Palm Ave.
Suite 203
Fresno, CA 93704

22

PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES

62.     DEFENDANT has engaged and continues to engage in unfair business practices in California by practicing, employing, and utilizing the employment policy of failing to pay PLAINTIFF and Class Members employment compensation as required by the California law cited herein above and by violating applicable provisions of the California Labor Code, including, but not limited to, California Labor Code sections 201, 202, 203, 204, 226, 226.7, 510, 512, 1174, 1194, 1194.2, 1197, certain provisions of the Industrial Welfare Commission Wage Order 1 and/or any other applicable Wage Order, and certain provisions of Title 8 of the California Code of Regulations, as alleged herein.  DEFENDANT's utilization of such illegal and unfair business practices constitutes unfair competition and provides DEFENDANT with an unfair advantage over DEFENDANT's competitors.

63.     PLAINTIFF seeks on her own behalf, on behalf of those similarly situated, and on behalf of the general public full restitution and disgorgement of all employment compensation wrongfully withheld, as necessary and according to proof, to restore any and all monies withheld, acquired, and/or converted by the DEFENDANT by means of the unfair and unlawful practices complained of herein.  The restitution and disgorgement requested includes all wages earned and unpaid, including interest thereon.  The acts complained of herein occurred, at least in part, within the last four (4) years preceding the filing of the Complaint in this action and continue to the present.

64.     PLAINTIFF is informed and believes, and on that basis alleges, that at all times herein mentioned DEFENDANTS has engaged in unlawful and unfair business practices as proscribed by California Business and Professions Code 17200 *et seq.* by depriving PLAINTIFF and Class Members of the minimum working conditions and standards due to them under the California Labor Code, Industrial Welfare Commission Wage Orders, and Title 8 of the California Code of Regulations, as identified herein.

65.     California Business and Professions Code 17200 *et seq.* prohibits acts of unfair competition, which mean and include any unlawful, unfair, or fraudulent business act or practice. Under California law, wages unlawfully withheld from an employee constitutes an unfair business act, entitling PLAINTIFF and Class Members to a restitution remedy authorized by

Sutton Hague
Law Corporation, P.C.
5200 N. Palm Ave.
Suite 203
Fresno, CA 93704

23

PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES

California Business and Professions Code section 17203.  PLAINTIFF and Class Members and the general public are, therefore, entitled to the relief requested below.

66.     In addition, PLAINTIFF has incurred, on behalf of herself, and on behalf of the Class Members, and will continue to incur, legal expenses and attorneys' fees.  PLAINTIFF, on behalf of herself, and on behalf of the Class Members, is presently unaware of the precise amount of these fees and expenses and prays for leave of this Court to amend the Complaint when the amounts are fully known.   Pursuant to California Labor Code sections 1194 and California Code of Civil Procedure section 1021.5, PLAINTIFF and Class Members are entitled to recover attorneys' fees, expenses, and costs according to proof.

## EIGHTH CAUSE OF ACTION

### FAILURE TO REIMBURSE BUSINESS-RELATED EXPENSES IN VIOLATION OF LABOR CODE § 2802

### (PLAINTIFF, Individually and on Behalf of the Class Members, Against DEFENDANT and DOES 1 through 50)

67.     The allegations of each of the foregoing paragraphs are re-alleged and incorporated herein by this reference.

68.     California Labor Code section 2802 provides, in pertinent part:

> a.     An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer...
>
> b.     All awards made by a court or by the Division of Labor Standards Enforcement for reimbursement of necessary expenditures under this section shall carry interest at the same rate as judgments in civil actions.   Interest shall accrue from the date on which the employee incurred the necessary expenditure or loss.
>
> c.     For purposes of this section, the term "necessary expenditures or losses" shall include all reasonable costs including, but not limited to, attorney's fees incurred by the employee enforcing the rights granted by this section.

/ / /

Sutton Hague
Law Corporation, P.C.
5200 N. Palm Ave.
Suite 203
Fresno, CA 93704

24

PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES

69.     Specifically, DEFENDANT refused to reimburse PLAINTIFFS and the Class Members for necessarily incurred expenses including, among other things, the cost of safety boots, incurred during the course and scope of their employment.

70.     PLAINTIFFS are informed and believe, and on that basis allege, that DEFENDANT failed to reimburse PLAINTIFFS and the Class Members for necessarily incurred expenses incurred during the course and scope o their employment with DEFENDANT.

71.     PLAINTIFFS and the Class Members are, therefore, entitled to the unreimbursed business expenses, along with interest on those expenses and attorneys' fees, as required by California Labor Code section 2802 in addition to the relief requested below.

## **PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFF prays as follows:

1.     That the Court determine that Causes of Action One through Eight may be maintained as a Class Action;

2.     For the attorneys appearing in the above caption to be named as Class Counsel;

3.     With respect to the First, Second, Third, Fourth, and Eighth Causes of Action:

    a.   For damages, including all wages due and owing;

    b.   For liquidated damages;

    c.   For interest thereon from the date such amounts were due;

    d.   For an award of costs of suit and reasonable attorney fees.

4.     With respect to the Fifth Cause of Action:

    a.   For penalties as authorized by California Labor Code section 226(e);

    b.   For injunctive relief pursuant to California Labor Code section 226(h);

    c.   For an award of costs of suit and reasonable attorney fees.

5.     With respect to the Sixth Cause of Action:

    a.   For penalties as authorized by California Labor Code section 203(a);

    b.   For an award of costs of suit and reasonable attorney fees.

Sutton Hague
Law Corporation, P.C.
5200 N. Palm Ave.
Suite 203
Fresno, CA 93704

PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES

6.   With respect to the Seventh Cause of Action:

    a.   For an accounting, under administration of Plaintiff and/or the receiver and subject to Court review, to determine the amount to be returned by Defendant, and the amounts to be refunded to members of the classes who are owed monies by Defendant

    b.   For an Order requiring Defendant to make full restitution and payment pursuant to California law;

    c.   For an Order for preliminary and/or permanent injunction prohibiting Defendant from engaging in the acts complained of herein;

    d.   For all other appropriate injunctive, declaratory and equitable relief;

    e.   For interest to the extent permitted by law; and

    f.   For an award of costs of suit and reasonable attorney fees incurred in the investigation, filing and prosecution of this action pursuant to California Code of Civil Procedure section 1021.5, California Business and Professions Code section 17200 *et. seq.*, California Labor Code section 1194 and/or any other applicable provision of law.

7.   For such other and further relief as the Court deems just and proper.

PLAINTIFF, on behalf of herself and all similarly situated Class Members, and on behalf of all aggrieved employees hereby demands trial by jury of Causes of Action One through Eight to the extent authorized by law.

Dated:  September 7, 2017                    SUTTON HAGUE LAW CORPORATION, P.C.

By:_____
      JARED HAGUE
      S. BRETT SUTTON
      ANTHONY GUZMAN
      Attorneys for Plaintiff
      ERICA SULLIVAN

Sutton Hague
Law Corporation, P.C.
5200 N. Palm Ave.
Suite 203
Fresno, CA 93704

26

PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| S: BRETT SUTTON \| SBN: 143107<br>SUTTON HAGUE LAW CORPORATION<br>5200 North Palm Avenue, Suite 203  FRESNO, CA 93704 | ENDORSED FILED<br>Clerk of the Superior Court |
| TELEPHONE NO.: (559) 325-0500 \| FAX NO. (559) 981-1217 \|E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):* Plaintiff: ERICA SULLIVAN; ET AL | OCT 2 3 2017 |

**SOLANO COUNTY SUPERIOR COURT**

STREET ADDRESS: 600 UNION AVENUE P.O. BOX CALLER 5000

MAILING ADDRESS:

CITY AND ZIP CODE: FAIRFIELD, CA 94533

BRANCH NAME: FAIRFIELD

G. Ureta

By _____
DEPUTY CLERK

| PLAINTIFF: ERICA SULLIVAN; ET AL<br>DEFENDANT: SOFTPATH SYSTEM, LLC; ET AL | CASE NUMBER:<br>FCS049482 |
|---|---|
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:<br>4362.01 |

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:

**BY FAX**

   a. ☑ Summons
   b. ☑ Complaint
   c. ☐ Alternative Dispute Resolution (ADR) package
   d. ☑ Civil Case Cover Sheet *(served in complex cases only)*
   e. ☐ Cross-complaint
   f. ☑ other: PLAINTIFF'S FIRST AMENDED COMPLAINT; NOTICE OF CMC ONE AND NOTICE OF ASSIGNMENT OF JUDGE

3. a. Party served:
   **ABBOTT LABORATORIES, AN ILLINOIS CORPORATION**

   b. ☑ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
   **DAISY MONTENEGRO / CT CORPORATION SYSTEM - AGENT FOR SERVICE**

4. Address where the party was served: **818 W Seventh Street , Suite 930**
   **Los Angeles, CA 90017**

5. I served the party

   a. ☑ **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* **10/18/2017**   (2) at *(time):* **2:30 PM**

   b. ☐ **by substituted service.** On *(date):* at *(time):* I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3b):*

   (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him of her of the general nature of the papers.

   (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

   (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him of her of the general nature of the papers.

   (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., §415.20). I mailed the documents on *(date):*  from *(city):*  or ☐ a declaration of mailing is attached.

   (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

| | |
|---|---|
| PETITIONER: ERICA SULLIVAN, ET AL | CASE NUMBER:<br>FCS049482 |
| RESPONDENT: SOFTPATH SYSTEM, LLC; ET AL | |

c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date):*                        (2) from *(city):*

    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgement of Receipt.) (Code Civ. Proc., § 415.30.)*

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

d. ☐ **by other means** *(specify means of service and authorizing code section):*

    ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

a. ☐ as an individual defendant.
b. ☐ as the person sued under the fictitious name of *(specify):*
c. ☐ as occupant.
d. ☑ On behalf of *(specify):* **ABBOTT LABORATORIES, AN ILLINOIS CORPORATION**
    under the following Code of Civil Procedure section:

    ☑ 416.10 (corporation)            ☐ 415.95 (business organization, form unknown)
    ☐ 416.20 (defunct corporation)       ☐ 416.60 (minor)
    ☐ 416.30 (joint stock company/association)   ☐ 416.70 (ward or conservatee)
    ☐ 416.40 (association or partnership)   ☐ 416.90 (authorized person)
    ☐ 416.50 (public entity)           ☐ 415.46 (occupant)
                               ☐ other:

7. **Person who served papers**
  a. Name: **JULIAN CHAVEZ - Eddings Attorney Support Services, Inc.**
  b. Address: **1099 East Champlain Ave., Suite A-102  Fresno, CA 93720**
  c. Telephone number: **(559) 222-2274**
  d. **The fee** for service was: **$ 119.50**
  e. I am:

    (1) ☐ not a registered California process server.
    (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
    (3) ☑ registered California process server:
      (i) ☐ owner     ☐ employee     ☐ independent contractor.
      (ii) Registration No.: **140/6700**
      (iii) County: **LOS ANGELES**

8. ☑ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9. ☐ **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

    Date: **10/18/2017**

    **Eddings Attorney Support Services, Inc.**
    **1099 East Champlain Ave., Suite A-102**
    **Fresno, CA 93720**
    **(559) 222-2274**
    **www.Eddings-Online.com**

           **JULIAN CHAVEZ**              ▶                 (SIGNATURE)
         (NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)